[Cite as *State v. Johnson*, 2011-Ohio-2069.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                          :

      Plaintiff-Appellee                         :      C.A. CASE NO. 24029

vs.                                                           :      T.C. CASE NO. 09CR4143

ROMAS D. JOHNSON                            :      (Criminal Appeal from
                                              Common Pleas Court)
      Defendant-Appellant             :

. . . . . . . . .

O P I N I O N

Rendered on the 29th day of April, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros. Attorney, Atty. Reg. No.0067685, P.O. Box 972, Dayton, OH 45422
         Attorneys for Plaintiff-Appellee

Marshall G. Lachman, Atty. Reg. No.0076791, 75 North Pioneer Boulevard, Springboro, OH 45066
         Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Romas Johnson, was convicted on his plea of no contest of a violation of R.C. 2950.05(A)(F)(1), a first degree felony, for failing to provide notice of his change of residence address to the sheriff at least twenty days prior to that change, a requirement imposed on Defendant as a Tier III sex offender by R.C. 2950.05(A).  Defendant

was sentenced to a three year term of incarceration. Defendant appealed his conviction.

{¶ 2} Defendant argues that he cannot be criminally liable for the offense of which he was convicted because his status as a Tier III sex offender is the product of an unconstitutional reclassification by the Attorney General from Defendant's prior classification as a sexual offender that a court imposed in 1994. Those statutory reclassifications were held unconstitutional in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424. *Bodyke* further ordered such person's prior sexual offender classifications reinstated.

{¶ 3} R.C. 2901.21(A) establishes the standard for a finding of criminal liability. It provides that "a person is not guilty of an offense unless both of the following apply:

{¶ 4} "(1) The person's liability is based on conduct that includes either a voluntary act, or an omission to perform an act or duty that the person is capable of performing;

{¶ 5} "(2) the person has the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense."

{¶ 6} The State concedes that Defendant's reclassification was unconstitutional, per *Bodyke*. The State further argues that, nevertheless, because the notification requirement Defendant violated was and is imposed by R.C. 2950.05(A), in both its former and current versions, Defendant remains criminally liable for the conduct of which he was convicted.

{¶ 7} Former R.C. 2950.05(A) required persons classified as sexual offenders to notify the sheriff "at least twenty days prior to changing the offender's . . . residence address." Former R.C. 2950.05(F)(1) provided: "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section shall fail to notify the appropriate sheriff in accordance with that division." A violation of former R.C. 2950.05 was a felony of

the third degree.   R.C. 2950.99 (A)(1)(a)(i).

**{¶ 8}**   R.C. 2950.05 was amended in 2007 by S.B. 10, which became effective on January 1, 2008.   In its current form, R.C. 2950.05(A) provides that persons classified as Tier III sexual offenders "shall provide notice of any change of residence . . . to the sheriff", and that "the offender shall provided the written notice at least twenty days prior to changing the address of the residence."   R.C. 2950.05(F)(1) provides: "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section . . . shall fail to notify the appropriate sheriff in accordance with that division."   A violation of R.C. 2950.05 is a felony of the first degree.   R.C. 2950.99(A)(1)(a)(i).

**{¶ 9}**   In *State v. Milby*, Montgomery App. No. 23798, 2010-Ohio-6344, on the same facts, we held that because the prohibited conduct in failing to give the required prior notification did not change when R.C. 2950.05 was amended, the defendant had an ongoing duty that neither the amendment of that section nor the holding in *Bodyke* had changed. Therefore, the defendant could be found criminally liable for his conduct in failing to notify, based on the prior sexual offender classification to which the defendant was reinstated per *Bodyke*.   However, because the related amendment of R.C. 2950.99(A)(1)(a)(i) changed the violation from a third degree felony to a first degree felony, of which the defendant had been convicted, we reversed the defendant's conviction and remanded the case for resentencing.

**{¶ 10}** We find, on the authority of *Milby*, that the trial court did not err when it found Defendant Johnson guilty of a violation of R.C. 2950.05(F)(1) for his failure to notify the sheriff at least twenty days prior to Defendant's change of his residence address.   However, per *Milby*, we find that the trial court erred when it convicted Defendant of a first degree

felony and sentenced him accordingly, instead of finding Defendant guilty of a third degree felony.

{¶ 11} The assignment of error is overruled, in part, and sustained, in part. Defendant's sentence will be reversed and the case remanded to the trial court for resentencing.

FROELICH, J. And BROGAN, J., concur.

(Hon. James A. Brogan, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Johnna M. Shia, Esq.
Marshall G. Lachman, Esq.
Hon. Barbara P. Gorman