[Cite as *State v. Howard*, 195 Ohio App.3d 802, 2011-Ohio-5693.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

THE STATE OF OHIO,                    :

    Appellee,                    :       C.A. CASE NO.    24680

v.                                    :       T.C. NO.    10CR1682

HOWARD,                               :       (Criminal appeal from
                                                  Common Pleas Court)

    Appellant.                   :

. . . . . . . . .

**O P I N I O N**

Rendered on the 3<u>rd </u>day of <u>November</u>, 2011.

. . . . . . . . .

Mathias Heck Jr., Montomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Marshall G. Lachman, for appellant.

. . . . . . . . .

DONOVAN, Judge.

{¶ 1} This matter is before the court on the notice of appeal of Donny A. Howard. Howard appeals from his conviction and sentence for failure to notify, in violation of R.C. 2950.05(A) and (F)(1).

{¶ 2} In September 2000, Howard was convicted of rape, a felony

of the first degree, and he received a four-year sentence. The trial court designated Howard a habitual sex offender,[1] pursuant to Ohio's version of the federal Megan's Law, which was adopted by Ohio in 1996, and codified by Am.Sub.H.B. No 180, 146 Ohio Laws, Part II, 2560, 2601. See *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 6. The trial court also ordered community notification for a period of 20 years.

{¶ 3} In 2006, the Adam Walsh Child Protection and Safety Act was passed by Congress, which divided sex offenders into three tiers based solely upon the offense committed. *Bodyke*, ¶ 18. In 2007, the Ohio General Assembly enacted 2007 Am.Sub.S.B. No. 10, which replaced Megan's Law with the Adam Walsh Act ("AWA"). *Bodyke*, ¶ 20. The law required the Ohio Attorney General to reclassify existing offenders based on the tier system and to notify them of the reclassification. *Bodyke*, ¶ 22. Pursuant to the AWA, Howard was reclassified a Tier III sex offender.

{¶ 4} On June 3, 2010, Howard was charged by indictment with failure to notify, a felony of the first degree, for failing to provide notice of his change of residence address to the sheriff at least 20 days prior to that change, a requirement imposed upon Howard as a Tier III sex offender. Howard pleaded no contest, and at the time, the trial court

---

[1] We note that Howard and the state erroneously assert that Howard was originally classified as a sexually oriented offender.

advised him that it must impose a mandatory sentence, since Howard had a previous conviction for a felony of the first degree (rape). The state noted that it did not oppose the minimum sentence for Howard. The trial court sentenced Howard to a mandatory minimum three-year term on October 28, 2010.

{¶ 5} Along with his notice of appeal, Howard filed a motion for leave to file a delayed appeal, based upon this court's recent decision in *State v. Milby*, Montgomery App. No. 23798, 2010-Ohio-6344, and we granted leave for his untimely appeal over the state's objection.

{¶ 6} Howard asserts one assignment of error as follows:

{¶ 7} "The trial court erred in convicting appellant of a first-degree felony and sentencing him accordingly."

{¶ 8} In *Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, the Ohio Supreme Court struck down as unconstitutional the reclassification provisions in the AWA, namely R.C. 2950.031 and 2950.032, which required the attorney general to reclassify sex offenders pursuant to the tiered scheme. Id., ¶ 60-61. The court severed those provisions from the AWA, and the provisions "may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated." Id. at ¶ 66.

{¶ 9} Pursuant to *Bodyke*, as the state concedes, Howard's

reclassification as a Tier III sex offender and the community-notification and registration orders attending that reclassification may not be applied, and his original classification as a habitual sex offender and the community-notification and registration orders attending that classification are reinstated.

{¶ 10} Under the former R.C. 2950.05(A), Howard was required to provide written notice to the sheriff of a change of address at least 20 days prior to changing his address. Under the former R.C. 2950.99, the penalty for failure to notify was a felony of the fifth degree. R.C. 2950.05 was amended by S.B. 10, which became effective on January 1, 2008, and the new version at issue also required Howard to provide written notification to the sheriff at least 20 days prior to changing his address of residence. After the related amendment of R.C. 2950.99 (2007 Am.Sub.S.B. 97), the penalty for failure to notify was a felony of the first degree. R.C. 2950.99(A)(1)(a)(i).

{¶ 11} In *State v. Milby*, which the state asks us to reconsider, this court on similar facts held that because the prohibited conduct in failing to give the required prior notification did not change when R.C. 2950.05 was amended, the defendant had an ongoing duty that neither the amendment of that section nor the holding in *Bodyke* had changed. Accordingly, Milby could be found guilty for failure to notify, based upon the original classification to which he was reinstated. However, since the

related amendment of R.C. 2950.99(A)(1)(a) changed the violation from a felony of the third degree to a first-degree felony, of which Milby was convicted, this court reversed Milby's conviction and remanded the case for resentencing.

{¶ 12} As in *Milby*, when Howard's original classification and registration requirements are applied, his conviction for failure to notify is not offended. There is no dispute that under former law, Howard was required to provide written notice of a change of address at least 20 days prior to changing his address of residence. See former R.C. 2950.05(A). However, the amendment of R.C. 2950.99 changed the penalty for failure to notify from a felony of the fifth degree to a felony of the first degree, based upon the penalty for the underlying offense of rape, and Howard was subject to a mandatory term of incarceration. As in *Milby*, the fact that Howard had committed his offense of failure to notify after the effective date of S.B. 97 does not affect the outcome herein as the state asserts. Pursuant to *Milby,* we find that the trial court erred when it convicted Howard of a first-degree felony and sentenced him accordingly, instead of finding him guilty of a fifth-degree felony. See also *State v. Johnson*, Montgomery App. No. 24029, 2011-Ohio-2069; *State v. Alexander*, Montgomery App. No. 24119, 2011-Ohio-4015.

{¶ 13} Because Howard's sole assigned error has merit, his sentence will be reversed and the matter remanded to the trial court for

resentencing.

Judgment affirmed.

. . . . . . . . . .

FROELICH, J., concurs.

HALL, J., concurs in part and dissents in part.

HALL, J., concurring in part and dissenting in part.

{¶ 14} I agree that this case should be remanded to the trial court for resentencing, but conclude that the defendant should be sentenced for a felony of the third degree and not a fifth degree as determined by the majority. For clarity, I will refer to the various felony levels as F(5) through F(1)

{¶ 15} Donny Howard's conviction for rape, F(1), was in September 2000, and he was classified as a habitual sex offender under Ohio's version of Megan's Law. Sometime after Ohio's version of the Adam Walsh Act ("AWA") went into effect on January 1, 2008, Howard was reclassified as a Tier III offender. The instant case stems from the June 3, 2010 charge of failure to notify the sheriff of a change of address.

{¶ 16} Failure to notify was an F(5) when Howard was originally convicted of rape in 2000. R.C. 2950.99. This level had been in effect since January 1, 1997, with adoption of Ohio's Megan's law. Before that, the first offense of failure to comply with pre-Megan's Law registration requirements was a misdemeanor, and a subsequent offense was an

F(4). Effective January 1, 2004, failure to notify, when the basis for registration was for murder or an F(1), (2) or (3) was modified to an F(3). R.C. 2950.99 (A)(1)(b)(i). As part of the adoption of Ohio's AWA, R.C. 2950.99 was amended, effective January 1, 2008. When the underlying felony that was the basis for the registration was an F(1) through F(4), failure to notify became a felony of the same degree as the basis for registration. Thus, in Howard's case, the underlying felony was an F(1), so the new offense was an F(1).

{¶ 17} In *State v. Bodyke*, 126 Ohio St. 3d 266, 2010-Ohio-2424, the Ohio Supreme Court struck down the reclassification provisions of the AWA, R.C. 2950.031 and 2950.032, and severed them from the remainder of the act. Registration requirements under Megan's Law were reinstated. Nothing in *Bodyke* had addressed or vacated the amended penalty provisions of R.C. 2950.99. Nevertheless, this court has held that the penalty section applicable for violation of reinstated Megan's law registration violations is the penalty that existed prior to adoption of the AWA. This court has held, in three cases, that where defendants have been improperly reclassified, a failure-to-notify conviction would still be upheld when the reinstated Megan's Law registration requirements were essentially the same as the improperly reclassified AWA requirements, but the violation is a pre-AWA F(3).

{¶ 18} In *State v. Milby*, Montgomery App. No. 23798,

2010–Ohio–6344, the defendant had been convicted of rape in 1983. While still incarcerated in 2003, Milby was designated as a sexual predator. He was reclassified as a Tier III offender under the AWA. Eventually he was charged and convicted of failing to register at his new address during July 2009. This court said, "AWA did increase the penalty for failure to notify to a first-degree felony. That penalty may not be applied to Milby. Under the former law, violation of the reporting requirement was a felony of the third degree." Id, ¶ 31. The case was remanded for resentencing as an F(3). I believe this conclusion was wrong. As stated, nothing in *Bodyke* had addressed or vacated the amended penalty provisions of R.C. 2950.99. But *Milby* is part of the jurisprudence of this court, and stare decisis precludes simply ignoring it.

{¶ 19} In *State v. Johnson*, Montgomery App. No. 24029, 2011–Ohio–2069, Johnson had been designated a sexually oriented offender in 1994. His classification was changed to a Tier III under AWA. In 2009, he was charged with an F(1) failure to provide notice of his change-of-residence address. Johnson's case was also remanded for resentencing. This court said, "[P]er *Milby*, we find that the trial court erred when it convicted Defendant of a first degree felony and sentenced him accordingly, instead of finding Defendant guilty of a third degree felony." Again, I believe this result is incorrect, but it follows *Milby*.

{¶ 20} Finally, on similar facts, in *State v. Alexander,* Montgomery

App. No. 24119, 2011-Ohio-4015, Alexander had been convicted of rape, an F(1), and designated a sexually oriented offender in 2004. He was reclassified under AWA in 2008 as a Tier III offender. He was charged with failing to notify the sheriff of his new address in 2010, an F(1). This court's decision, in which the undersigned concurred, stated, "[L]ike in *Johnson* [and *Milby*], appellant should have been found guilty of a third-degree felony and not a first-degree felony."

{¶ 21} Based on *Milby*, as followed in *Johnson* and *Alexander*, this court has held that when a failure-to-notify case is reversed after an improper AWA reclassification, the penalty for violation of failure to notify reverts to that penalty that was in effect before the "offending" AWA legislation, which was effective January 1, 2008. Prior to enactment of AWA, the penalty for failure to notify for underlying F(1) through F(3)'s was a felony of the third degree. Consequently, I would remand this case for resentencing of the defendant for a conviction of an F(3).

. . . . . . . . . .