Hall, Judge,
concurring in part and dissenting in part.
{¶ 14} I agree that this case should be remanded to the trial court for resentencing, but conclude that the defendant should be sentenced for a felony of the third degree and not a fifth degree as determined by the majority. For clarity, I will refer to the various felony levels as F(5) through F(l)
{¶ 15} Donny Howard’s conviction for rape, F(l), was in September 2000, and he was classified as a habitual sex offender under Ohio’s version of Megan’s Law. Sometime after Ohio’s version of the Adam Walsh Act (“AWA”) went into effect on January 1, 2008, Howard was reclassified as a Tier III offender. The instant case stems from the June 3, 2010 charge of failure to notify the sheriff of a change of address.
{¶ 16} Failure to notify was an F(5) when Howard was originally convicted of rape in 2000. R.C. 2950.99. This level had been in effect since January 1, 1997, with adoption of Ohio’s Megan’s law. Before that, the first offense of failure to comply with pre-Megan’s Law registration requirements was a misdemeanor, and a subsequent offense was an F(4). Effective January 1, 2004, failure to notify, when the basis for registration was for murder or an F(1), (2) or (3) was modified to an F(3). R.C. 2950.99(A)(1)(b)(i). As part of the adoption of Ohio’s AWA, R.C. 2950.99 was amended, effective January 1, 2008. When the underlying felony that was the basis for the registration was an F(1) through F(4), failure to notify became a felony of the same degree as the basis for registration. Thus, in Howard’s case, the underlying felony was an F(l), so the new offense was an F(1).
{¶ 17} In State v. Bodyke, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the Ohio Supreme Court struck down the reclassification provisions of the AWA, R.C. 2950.031 and 2950.032, and severed them from the remainder of the act. Registration requirements under Megan’s Law were reinstated. Nothing in Bodyke had addressed or vacated the amended penalty provisions of R.C. 2950.99. Nevertheless, this court has held that the penalty section applicable for violation of reinstated Megan’s law registration violations is the penalty that *806 existed prior to adoption of the AWA. This court has held, in three cases, that where defendants have been improperly reclassified, a failure-to-notify conviction would still be upheld when the reinstated Megan’s Law registration requirements were essentially the same as the improperly reclassified AWA requirements, but the violation is a pre-AWA F(3).
{¶ 18} In State v. Milby, Montgomery App. No. 23798, 2010-Ohio-6344, 2010 WL 5480656, the defendant had been convicted of rape in 1983. While still incarcerated in 2003, Milby was designated as a sexual predator. He was reclassified as a Tier III offender under the AWA. Eventually he was charged and convicted of failing to register at his new address during July 2009. This court said, “AWA did increase the penalty for failure to notify to a first-degree felony. That penalty may not be applied to Milby. Under the former law, violation of the reporting requirement was a felony of the third degree.” Id, ¶ 31. The case was remanded for resentencing as an F(3). I believe this conclusion was wrong. As stated, nothing in Bodyke had addressed or vacated the amended penalty provisions of R.C. 2950.99. But Milby is part of the jurisprudence of this court, and stare decisis precludes simply ignoring it.
{¶ 19} In State v. Johnson, Montgomery App. No. 24029, 2011-Ohio-2069, 2011 WL 1661497, Johnson had been designated a sexually oriented offender in 1994. His classification was changed to a Tier III under AWA. In 2009, he was charged with an F(1) failure to provide notice of his change-of-residence address. Johnson’s case was also remanded for resentencing. This court said, “[P]er Milby, we find that the trial court erred when it convicted Defendant of a first degree felony and sentenced him accordingly, instead of finding Defendant guilty of a third degree felony.” Again, I believe this result is incorrect, but it follows Milby.
{¶ 20} Finally, on similar facts, in State v. Alexander, Montgomery App. No. 24119, 2011-Ohio-4015, 2011 WL 3557880, Alexander had been convicted of rape, an F(1), and designated a sexually oriented offender in 2004. He was reclassified under AWA in 2008 as a Tier III offender. He was charged with failing to notify the sheriff of his new address in 2010, an F(1). This court’s decision, in which the undersigned concurred, stated, “[L]ike in Johnson [and Milby ], appellant should have been found guilty of a third-degree felony and not a first-degree felony.”
{¶ 21} Based on Milby, as followed in Johnson and Alexander, this court has held that when a failure-to-notify case is reversed after an improper AWA reclassification, the penalty for violation of failure to notify reverts to that penalty that was in effect before the “offending” AWA legislation, which was effective January 1, 2008. Prior to enactment of AWA, the penalty for failure to notify for underlying F(1) through F(3)’s was a felony of the third degree. Consequently, I would remand this case for resentencing of the defendant for a conviction of an F(3).