[Cite as *State v. Blocker*, 2012-Ohio-633.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellee                        :          C.A. CASE NO.    24535

v.                                             :          T.C. NO.    10CR3332

ARCHIE E. BLOCKER                              :            (Criminal appeal from
                                                             Common Pleas Court)
    Defendant-Appellant                      :

                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___17th___ day of ___February___, 2012.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LUCAS W. WILDER, Atty. Reg. No. 0074057, 120 W. Second Street, Suite 400, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant Archie E. Blocker appeals his conviction and sentence for one count of failure to notify (underlying offense is aggravated murder, murder, or FI), in violation of R.C. 2950.05(A) and (F)(1), a felony of the first degree. Blocker filed a timely

notice of appeal with this Court on March 15, 2011.

I

{¶ 2} On October 14, 1988, Blocker was convicted of two counts of rape and one count of sodomy by a military court while he was stationed in Germany. The military court sentenced Blocker to twenty years in prison. At the time he was sentenced, Blocker did not receive a sexual offender designation. Blocker was subsequently released from prison in September of 2008, at which point he moved in with his parents at an address located in Montgomery County, Ohio.

{¶ 3} In 2006, the Adam Walsh Child Protection and Safety Act was passed by Congress, which divided sex offenders into three tiers based solely upon the offense committed. *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, ¶ 18. In 2007, the Ohio General Assembly enacted 2007 Am.Sub.S.B. No. 10, which replaced Megan's Law with the Adam Walsh Act ("AWA"). *Bodyke*, ¶ 20. The law required the Ohio Attorney General to reclassify existing offenders based on the tier system and to notify them of the reclassification. *Bodyke*, ¶ 22. After he was released from prison, Blocker received a letter from the Montgomery County Sheriff's Office (MCSO) notifying him of his registration under the AWA, and Blocker complied by initially registering his parents' address as his own on September 22, 2008. Pursuant to the S.B. 10, Blocker was reclassified as a Tier III sex offender in light of the rape convictions. A Tier III offender must register every ninety days for life. R.C. 2950.06(B)(3) and 2950.07(B)(1).

{¶ 4} Blocker continued to periodically verify his residence utilizing his parents' address until he eventually moved out and rented his own apartment. After he moved,

Blocker timely notified the MCSO of his change in address, and he continued to verify his new address while he lived there. On September 13, 2010, however, the MCSO was unable to verify Blocker's reported address as his current address.

{¶ 5} Accordingly, on October 28, 2010, Blocker was charged by indictment with one count of failure to notify, in violation of R.C. 2950.05(A) and (F)(1). Blocker filed a motion to dismiss his indictment on December 1, 2010. In his motion to dismiss, Blocker argued that he was denied due process when he was deprived of his statutory right to a sexual offender classification hearing provided by R.C. 2950.031. On March 2, 2011, the trial court announced its decision overruling Blocker's motion to dismiss in open court. After the trial court's announcement, Blocker entered a no contest plea to the charged offense. The trial court subsequently found Blocker guilty and imposed the mandatory sentence of three years in prison.

{¶ 6} It is from this judgment that Blocker now appeals.

II

{¶ 7} Because they are interrelated, all of Blocker's assignments of error will be discussed together as follows:

{¶ 8} "THE TRIAL COURT COMMITTED ERROR IN DENYING MR. BLOCKER'S MOTION TO DISMISS."

{¶ 9} "MR. BLOCKER WAS DENIED DUE PROCESS."

{¶ 10} "PROSECUTION OF MR. BLOCKER WAS IMPROPER AND WITHOUT STATUTORY AUTHORITY."

{¶ 11} In his first and second assignments, Blocker contends that the trial court erred

when it overruled his motion to dismiss the indictment. Specifically, Blocker argues that his due process rights were violated when the trial court found that he was not entitled to a reclassification hearing even though he never received notice from the Ohio Attorney General of his change in status from a sexually oriented offender to a Tier III sex offender after the passage of the AWA. In his third and final assignment of error, Blocker asserts that the trial court erred when it found him guilty of failure to notify when his registration requirements under Megan's Law had expired before September of 2010, when he was indicted in the instant case.

{¶ 12} We have recently held that sexually oriented offender classifications attach by operation of law to persons convicted of an offense identified by R.C. 2950.031 as a sexually oriented offense. *State v. Juergens*, 2d Dist. Clark No. 09CA0076, 2010-Ohio-6482. In *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, the Ohio Supreme Court held that due process does not require an evidentiary hearing in order to determine whether a person convicted of a sexually oriented offense is a sexually oriented offender who is subject to sex offender registration. "[I]f a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D) and is neither a habitual sex offender or a sexual predator, the sexually oriented offender designation attaches as a matter of law." Id. at 215. Thus, because the offenses for which Blocker was convicted were clearly sexually oriented, and the military tribunal did not classify him when he was originally sentenced, Blocker's designation as a sexually oriented offender arose by operation of law. The Attorney General's failure to notify Blocker of his sexual offender reclassification while he was in prison did not affect his status as a sexually oriented

offender under Megan's Law and the Ohio Supreme Court's decision in *Bodyke*. Accordingly, the trial court did not err when it refused to hold a reclassification hearing and overruled his motion to dismiss.

{¶ 13} R.C. 2950.05(A) provides that if an offender is required to register under R.C. 2950.04, then he " * * * shall provide written notice of any change of residence address * * * to the sheriff * * * at least twenty days prior to changing the address of the residence."   R.C. 2950.05(F)(1) provides,  "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify the appropriate sheriff in accordance with that division."

{¶ 14} In *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, the Ohio Supreme Court struck down as unconstitutional the reclassification provisions in the AWA, namely R.C. 2950.031 and 2950.032, which required the Attorney General to reclassify sex offenders pursuant to the tiered scheme.  Id., ¶ 60-61.  The Court severed those provisions from the AWA, and the provisions "may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated."  Id., at ¶ 66.

{¶ 15} Under Megan's Law, failure to notify of a change of address was a felony of the third degree for an offender like Blocker, who was convicted for failure to register, in violation of  R.C. 2950.06(A) and (F).  Former R.C. 2950.99.  Under the Adam Walsh Act, failure to notify of a change of address, subsequent to Blocker's prior R.C. 2950.06 conviction, was a felony of the same degree as Blocker's underlying sexually oriented offense (rape), namely a felony of the first degree, subject to a mandatory prison term of no

less than three years.   R.C. 2950.99(A)(2)(b).

{¶ 16} Pursuant to *Bodyke*, Blocker's reclassification as a Tier III sex offender and the attendant community notification and registration requirements may not be applied, and Blocker's original classification as a sexually oriented offender is reinstated.   Pursuant to R.C. 2950.07(A)(3), under Megan's Law, the duty of a sexually oriented offender commences upon the offender's release from prison and continues annually for ten years, or until September of 2018 in Blocker's case.   Clearly, Blocker's duty as a sexually oriented offender to notify the MCSO of any change in address had not expired in September of 2010, when he was indicted in the instant case.   Under the former R.C. 2950.05(A), Blocker was required to provide written notice   to the sheriff of a change of address at least 20 days prior to changing his address.   Under the former R.C. 2950.99, the penalty for failure to notify was a felony of the third degree.

{¶ 17} R.C. 2950.05 was amended by S.B. 10, which became effective on January 1, 2008, and the new version at issue also required Blocker to provide written notification to the sheriff at least 20 days prior to changing his address of residence.   After the related amendment of R.C. 2950.99 (2007 Am.Sub.S.B. 97), the penalty for failure to notify was a felony of the first degree. R.C. 2950.99(A)(1)(a)(i).

{¶ 18} In *State v. Milby*, 2d Dist. Montgomery No. 23798,   2010-Ohio-6344, which the State asks us to reconsider, this Court on similar facts held that because the prohibited conduct in failing to give the required prior notification did not change when R.C. 2950.05 was amended, the defendant had an ongoing duty that neither the amendment of that section nor the holding in *Bodyke* had changed.   Accordingly, Milby could be found guilty for

failure to notify, based upon the original classification to which he was reinstated. However, since the related amendment of R.C. 2950.99(A)(1)(a) changed the violation from a felony of the third degree to a first degree felony, of which Milby was convicted, this court reversed Milby's conviction and remanded the case for resentencing.

{¶ 19} As in *Milby*, when Blocker's original classification and registration requirements are applied, his conviction for failure to notify is not offended. There is no dispute that under former law, Blocker was required to provide written notice of a change of address at least twenty days prior to changing his address of residence. See former R.C. 2950.05(A). However, the amendment of R.C. 2950.99 changed the penalty for failure to notify from a felony of the third degree to a felony of the first degree, based upon the penalty for the underlying offense of rape, and Blocker was subject to a mandatory term of incarceration. As in *Milby*, the fact that Blocker committed his offense of failure to notify after the effective date of S.B. 97 does not affect the outcome herein as the State asserts. Pursuant to *Milby,* we find that the trial court erred when it convicted Blocker of a first degree felony and sentenced him accordingly, instead of finding him guilty of a third degree felony. See also, *State v. Johnson*, 2d Dist. Montgomery No. 24029, 2011-Ohio-2069; *State v. Alexander*, 2d Dist. Montgomery No. 24119, 2011-Ohio-4015.

{¶ 20} Accordingly, the trial court did not err when it overruled Blocker's motion to dismiss. Pursuant to *Bodyke*, Blocker's reclassification as a Tier III sex offender and the attendant community notification and registration requirements may not be applied. Under Megan's Law, Blocker's classification as a sexually oriented offender arose by operation of law and is hereby reinstated. In light of our holding in *Milby*, however, the judgment of the

trial court is reversed, and the matter remanded for re-sentencing.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Johnna M. Shia
Lucas W. Wilder
Hon. Michael L. Tucker