Donovan, Judge.
{¶ 1} This matter is before the court on the notice of appeal of Donny A. Howard. Howard appeals from his conviction and sentence for failure to notify, in violation of R.C. 2950.05(A) and (F)(1).
*803 {¶ 2} In September 2000, Howard was convicted of rape, a felony of the first degree, and he received a four-year sentence. The trial court designated Howard a habitual sex offender,[1] pursuant to Ohio’s version of the federal Megan’s Law, which was adopted by Ohio in 1996, and codified by Am.Sub.H.B. No 180, 146 Ohio Laws, Part II, 2560, 2601. See State v. Bodyke, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 6. The trial court also ordered community notification for a period of 20 years.
{¶ 3} In 2006, the Adam Walsh Child Protection and Safety Act was passed by Congress, which divided sex offenders into three tiers based solely upon the offense committed. Bodyke, ¶ 18. In 2007, the Ohio General Assembly enacted 2007 Am.Sub.S.B. No. 10, which replaced Megan’s Law with the Adam Walsh Act (“AWA”). Bodyke, ¶ 20. The law required the Ohio Attorney General to reclassify existing offenders based on the tier system and to notify them of the reclassification. Bodyke, ¶ 22. Pursuant to the AWA, Howard was reclassified a Tier III sex offender.
{¶ 4} On June 3, 2010, Howard was charged by indictment with failure to notify, a felony of the first degree, for failing to provide notice of his change of residence address to the sheriff at least 20 days prior to that change, a requirement imposed upon Howard as a Tier III sex offender. Howard pleaded no contest, and at the time, the trial court advised him that it must impose a mandatory sentence, since Howard had a previous conviction for a felony of the first degree (rape). The state noted that it did not oppose the minimum sentence for Howard. The trial court sentenced Howard to a mandatory minimum three-year term on October 28, 2010.
{¶ 5} Along with his notice of appeal, Howard filed a motion for leave to file a delayed appeal, based upon this court’s recent decision in State v. Milby, Montgomery App. No. 23798, 2010-Ohio-6344, 2010 WL 5480656, and we granted leave for his untimely appeal over the state’s objection.
{¶ 6} Howard asserts one assignment of error as follows:
{¶ 7} “The trial court erred in convicting appellant of a first-degree felony and sentencing him accordingly.”
{¶ 8} In Bodyke, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, the Ohio Supreme Court struck down as unconstitutional the reclassification provisions in the AWA, namely R.C. 2950.031 and 2950.032, which required the attorney general to reclassify sex offenders pursuant to the tiered scheme. Id., ¶ 60-61. The court severed those provisions from the AWA, and the provisions “may not *804 be applied to offenders previously adjudicated by judges under Megan’s Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated.” Id. at ¶ 66.
{¶ 9} Pursuant to Bodyke, as the state concedes, Howard’s reclassification as a Tier III sex offender and the community-notification and registration orders attending that reclassification may not be applied, and his original classification as a habitual sex offender and the community-notification and registration orders attending that classification are reinstated.
{¶ 10} Under the former R.C. 2950.05(A), Howard was required to provide written notice to the sheriff of a change of address at least 20 days prior to changing his address. Under the former R.C. 2950.99, the penalty for failure to notify was a felony of the fifth degree. R.C. 2950.05 was amended by S.B. 10, which became effective on January 1, 2008, and the new version at issue also required Howard to provide written notification to the sheriff at least 20 days prior to changing his address of residence. After the related amendment of R.C. 2950.99 (2007 Am.Sub.S.B. 97), the penalty for failure to notify was a felony of the first degree. R.C. 2950.99(A)(1)(a)(i).
{¶ 11} In State v. Milby, which the state asks us to reconsider, this court on similar facts held that because the prohibited conduct in failing to give the required prior notification did not change when R.C. 2950.05 was amended, the defendant had an ongoing duty that neither the amendment of that section nor the holding in Bodyke had changed. Accordingly, Milby could be found guilty for failure to notify, based upon the original classification to which he was reinstated. However, since the related amendment of R.C. 2950.99(A)(1)(a) changed the violation from a felony of the third degree to a first-degree felony, of which Milby was convicted, this court reversed Milby’s conviction and remanded the case for resentencing.
{¶ 12} As in Milby, when Howard’s original classification and registration requirements are applied, his conviction for failure to notify is not offended. There is no dispute that under former law, Howard was required to provide written notice of a change of address at least 20 days prior to changing his address of residence. See former R.C. 2950.05(A). However, the amendment of R.C. 2950.99 changed the penalty for failure to notify from a felony of the fifth degree to a felony of the first degree, based upon the penalty for the underlying offense of rape, and Howard was subject to a mandatory term of incarceration. As in Milby, the fact that Howard had committed his offense of failure to notify after the effective date of S.B. 97 does not affect the outcome herein as the state asserts. Pursuant to Milby, we find that the trial court erred when it convicted Howard of a first-degree felony and sentenced him accordingly, instead of finding him guilty of a fifth-degree felony. See also State v. Johnson, Montgomery App. *805 No. 24029, 2011-Ohio-2069, 2011 WL 1661497; State v. Alexander, Montgomery App. No. 24119, 2011-Ohio-4015, 2011 WL 3557880.
{¶ 13} Because Howard’s sole assigned error has merit, his sentence will be reversed and the matter remanded to the trial court for resentencing.
Judgment affirmed.
Froelich, J., concurs.
Hall, J., concurs in part and dissents in part.

. We note that Howard and the state erroneously assert that Howard was originally classified as a sexually oriented offender.