[Cite as *State v. Pritchett*, 2011-Ohio-5978.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                         :           C.A. CASE NO.    24183

v.                                               :           T.C. NO.    09CR1226

THOMAS PRITCHETT                                 :           (Criminal appeal from
                                                             Common Pleas Court)
    Defendant-Appellant                        :

                                                 :

· · · · · · · · · ·

## O P I N I O N

Rendered on the ___18th___ day of ___November___, 2011.

· · · · · · · · · ·

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

LORI R. CICERO, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

{¶ 1} This matter is before the Court on the Notice of Appeal of Thomas Pritchett, filed August 4, 2010. On April 29, 2009, Pritchett was indicted on one count of failure to notify of a change of address, a felony of the second degree, in violation of R.C. 2950.05(A) and (F)(1). On July 23, 2009, Pritchett pled no contest, and the trial court sentenced him to

a mandatory three year sentence. Pritchett did not appeal. On June 17, 2010, Pritchett filed a motion to withdraw his plea. Pritchett asserted that "he was no longer under an obligation to report his address due to the holding" in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, which was decided on June 3, 2010. The trial court held an evidentiary hearing and overruled the motion on July 12, 2010.

{¶ 2} In its Decision, the trial court noted that Pritchett is a sexually oriented offender, having been previously convicted of attempted rape in Franklin County. After serving a prison term, Pritchett was released in 1999. While Pritchett testified at the hearing that he was released from prison in early 1999, the trial court noted that "all the written documentation before the court, and the Defendant's own motion, indicate that the Defendant was released in August 1999." Accordingly, the court found as a matter of fact that Pritchett was released from prison in August ,1999, and that "his first registration as a Sexually Oriented Offender was August 18, 1999. According to the statutes in effect at the time of the Defendant's initial registration, commonly referred to as 'Megan's Law,' the defendant * * * was required to register his address with the county sheriff for a period of 10 years. That would have made his last annual registration in August 2008, and he would no longer be required to keep his registration current after August 2009 (10 years). ORC § 2950.05, in the version that was in effect in 1999, and in the version under which the Defendant was indicted in April 2009, required that the Defendant notify the sheriff if he changed his address from the one where he last registered.

{¶ 3} "With the adoption of the new statutory scheme for sexually oriented offenders which became effective in Ohio January 1, 2008, commonly known as 'the Adam

Walsh Act,' Thomas Pritchett was re-classified as a Tier III sex offender requiring that he register every 90 days (instead of annually). In *State of Ohio v. Bodyke*, 2010 Ohio 2424, the Ohio Supreme Court found that the reclassification of offenders was unconstitutional and that the three-tier registration scheme of the Adam Walsh Act '* * *  may not be applied to offenders previously adjudicated by judges under Megan's Law, and the classifications and community-notification and registration orders imposed previously by judges are reinstated.' Undoubtedly, the recent *Bodyke* decision prompted the Defendant's motion to withdraw his plea."  The trial court noted in a footnote that there was no evidence that Pritchett had been classified by a judge, but that he "would have been classified as a sexually oriented offender, the lowest classification under 'Megan's Law,' by statute, without the necessity of a hearing.  However, the *Bodyke* holding, that a defendant could not be reclassified by the Attorney General, still applies and Thomas Pritchett remains a sexually oriented offender."

{¶ 4}  According to the trial court, Pritchett, "believing that he was required to register every 90 days, registered on March 27, 2009 with an address of 50 Central Ave. Apt. 304 Dayton Ohio 45406.  The Sheriff's office attempted to confirm the Defendant's address on April 7th and 9th and it was determined that the apartment was vacant since [March] 30, 2009.  The former named tenant, J.D. Knight was evicted and the move out date was 3-30-2009. [Pritchett] stated that he was unable to get back in the apartment to get his property and clothing.

{¶ 5}  "[Pritchett's] indictment charged that the Defendant, as of March 30, 2009 (the date his reported residence became vacant) failed to provide the sheriff with a change of address within the time required by statute."

{¶ 6}   In the course of its analysis, the court noted that Pritchett was not charged with a failure to register every 90 days under the Adam Walsh Act but rather a failure to provide notice of a change of address.   The court further noted that, regarding any defenses Pritchett may have had to his indicted charge, he "had those same defenses available to him at the time of his plea whether he was required to keep his address current under Megan's Law or the Adam Walsh Act.

{¶ 7}   "* * *

{¶ 8}   "In this case, if [Pritchett] had been charged with failure to follow the 90 day registration requirement of the Adam Walsh Act, the Court would be inclined to grant his request to withdraw his plea because the Ohio Supreme Court has determined that he should not be reclassified.   However, the Defendant was charged with a failure to provide notice of his new address, which was a statutory requirement of his registration under Megan's Law, regardless of the inapplicable change in the registration requirements."   The court found no manifest injustice and overruled Pritchett's motion to withdraw his plea.

{¶ 9}   Pritchett asserts one assignment of error as follows:

{¶ 10} "THE   TRIAL   COURT   ERRED   IN   OVERRULING   THOMAS PRITCHETT'S MOTION TO WITHDRAW PLEA AND VOID CONVICTION."

{¶ 11} According to Pritchett, a manifest injustice is demonstrated in that he is "an innocent man" with many defenses to the indicted charge.   Pritchett continues to dispute the trial court's finding that he was released from prison in August, 1999.   According to Pritchett, "if he had known that he was no longer under the 90 day requirement, he would not have pled no contest to the indicted charge; he would have pled not guilty.   As such, Mr.

Pritchett's reclassification under the Adam Walsh Act was a factor considered when weighing his options to enter a plea or defend his case at trial. It goes without saying that one cannot make a knowing, intelligent plea and waiver of rights under the facts of this case." Finally, Pritchett asserts that he received ineffective assistance of counsel in that counsel failed to address his "viable defenses," namely "lack of knowledge that he had to move, impossibility of timely registration, and the fact that he was operating under an inapplicable law, among others."

{¶ 12} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim. R. 32.1.

{¶ 13} "Under Crim.R. 32.1, a defendant who files a post-sentence motion to withdraw [his] guilty plea bears the burden of establishing a 'manifest injustice.' (Internal citation omitted). * * * A manifest injustice has been defined as 'a clear or openly unjust act' that involves 'extraordinary circumstances.' (Internal citation omitted). We apply an abuse-of-discretion standard to a trial court's decision on a motion to withdraw a guilty plea." *Xenia v. Jones*, Greene App. No. 07-CA-104, 2008-Ohio-4733, ¶ 6.

{¶ 14} "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

{¶ 15} "A decision is unreasonable if there is no sound reasoning process that would

support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *AAAA Enterprises, Inc. v. River Place Community Redevelopment* (1990), 50 Ohio St.3d 157, 161.

{¶ 16} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered his plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *State v. Peterseim* (1980), 68 Ohio App.2d 211, 428 N.E.2d 863, syllabus.

{¶ 17} R.C. 2950.05(A) provides that if an offender is required to register under R.C. 2950.04, then he " * * * shall provide written notice of any change of residence address * * * to the sheriff * * * at least twenty days prior to changing the address of the residence." R.C. 2950.05(F)(1) provides, "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify the appropriate sheriff in accordance with that division."

{¶ 18} "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in *State v. Bradley* (1989), 42 Ohio St.3d 136, * * * . Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable

assistance. *Strickland*, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). *State v. Mitchell*, Montgomery App. No. 21957, 2008-Ohio-493, ¶ 31.

**{¶ 19}** Prior to analyzing the arguments Pritchett sets forth, we note that on June 17, 2011, we issued a Decision and Entry allowing the parties time to brief an issue not raised in the lower court or in this appeal, namely the disparity in sentencing arising under the Adam Walsh Act and Megan's Law, including felony level and mandatory time. Under Megan's Law, failure to notify of a change of address was a felony of the third degree for an offender like Pritchett, who was previously convicted, in 2005 CR 5053, for failure to register, in violation of R.C. 2950.06(A) and (F). Former R.C. 2950.99. Under the Adam Walsh Act, failure to notify of a change of address, subsequent to Pritchett's prior R.C. 2950.06 conviction, is a felony of the same degree as Pritchett's underlying sexually oriented offense (attempted rape), namely a felony of the second degree, subject to a mandatory prison term of no less than three years. R.C. 2950.99(A)(2)(b).

**{¶ 20}** Beginning with Pritchett's assertion that he was released from prison early in 1999, we agree with the trial court that the record does not support that conclusion. Pritchett's motion to withdraw his plea provides that he "was released from CRC in August,

1999, and was told to register no later than five days after his release, * * * and first registered on August 18, 1999." Pritchett attached to his motion a computer printout identifying Pritchett as a sexually oriented offender and listing his characteristics, including an "initial registration date" of August 18, 1999. In the course of the hearing on the motion to withdraw, Pritchett identified a document that he signed regarding his reporting requirements when he registered his address in 2002, and the document is dated August 18, 2002, a date consistent with his yearly registration requirements, which he asserted in his motion had commenced on August 18, 1999. The court asked Pritchett when in 1999 he was initially released from prison, and Pritchett stated, "Definitely the first of the year, sir," and he further testified that he had to register immediately after his release. As the trial court noted in the course of the hearing, it "doesn't make sense" that Pritchett's initial registration date would be months after his release and not immediately thereupon. Other than Pritchett's statements, which the trial court did not credit, there is no support in the record to conclude that Pritchett was released in early 1999.

{¶ 21} Pursuant to *Bodyke*, the trial court found Pritchett's reclassification as a Tier III sex offender and the attendant community notification and registration requirements may not be applied, and Pritchett's original classification as a sexually oriented offender is reinstated. The version of R.C. 2950.05 that was in effect in 1999, when Pritchett was released from prison, as well as the version under which Pritchett was indicted in 2009, required Pritchett to notify the sheriff if he changed his address of residence. In other words, the requirement to notify of a change of address of residence does not originate from any unlawful reclassification, and the application of the "Adam Walsh Act" herein is not

based upon Pritchett's previous, unlawful reclassification. Pritchett had an ongoing duty to notify regarding a change of address of residence that was not altered by either the "Adam Walsh Act" or *Bodyke*. *State v. Milby*, Montgomery App. No. 23798, 2010-Ohio-6344, (holding that Milby "could be found criminally liable for his conduct in failing to notify, based on the prior sexual offender classification to which the defendant was reinstated per *Bodyke*"); *State v. Johnson*, Montgomery App. No. 24029, 2011-Ohio-2069 (holding, on the authority of *Milby*, that the trial court did not err when it found Johnson guilty of violating R.C. 2950.05(F)(1) for his failure to notify the sheriff prior to Johnson's change of his residence address); *State v. Alexander*, Montgomery App. No. 24119, 2011-Ohio-4015.

{¶ 22} We agree with the trial court, and the State, that any defenses that Pritchett may have had to the indicted charge were available to him when he entered his no contest plea. Any advice that his counsel provided when Pritchett entered his plea was based upon the law in effect at that time; *Bodyke* did not declare the tiered reclassifications unconstitutional until June 3, 2010, and Pritchett's claim that the fact that *Bodyke* changed the law renders his plea somehow involuntary fails. Most importantly, *Bodyke* did not change the fact that Pritchett had a duty to notify the sheriff of a change in his address of residence, and Pritchett's defenses were the same, whether he were a Tier III sex offender or a sexually oriented offender. As the State notes, *Bodyke* merely changed the period of time during which Pritchett was required to register back to the original ten years for a sexually oriented offender, as discussed by the trial court, such that Pritchett would no longer be required to keep his registration current after August, 2009.

{¶ 23} The record reflects that Pritchett was represented by counsel at the complete

and impartial hearing on his motion to withdraw, the trial court gave the motion full and fair consideration, and an abuse of discretion is not demonstrated. Further, the record before us does not establish deficient performance on the part of defense counsel at the time of Pritchett's plea, and prejudice is not shown.

{¶ 24} Regarding the issue of sentencing, Pritchett directs our attention to *Milby* and *Johnson* in his supplemental brief, which were decided after his appellate brief was filed, and he argues that he is entitled to re-sentencing. Milby was convicted, following a bench trial, of failing to register at his new address subsequent to his conviction for rape, and he appealed that judgment. We noted that the Adam Walsh Act "increased the penalty for failure to notify to a first-degree felony. That penalty may not be applied to Milby. Under the former law, violation of the reporting requirement was a felony of the third degree. * * * Since the trial court improperly treated Milby's conviction as a first-degree felony," we remanded the matter for re-sentencing as a third-degree felony conviction. Id., ¶ 31. Similarly, Johnson was convicted on a no contest plea for failing to provide notice of his change of residence, and on his appeal we determined that the trial court erred when it convicted him of a first degree felony and sentenced him to a three year term, instead of finding him guilty of a felony of the third degree. We reversed the matter for resentencing. *Johnson*, ¶ 10.

{¶ 25} In *Alexander*, we determined, on Alexander's appeal from his conviction for failure to notify following a jury trial, that the trial court erred in sentencing him to a three year term since, "under the former version [of R.C. 2950.05, Alexander] would have been guilty of a third-degree felony instead of a first-degree felony under the current version."

Id., ¶ 38. We noted that *Bodyke* was decided in the middle of Alexander's trial, and that Alexander raised its application in the trial court below. We accordingly concluded that Alexander did not waive the issue on appeal.

**{¶ 26}** Very recently, in *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, the Supreme Court of Ohio held that the provision of 2007 Am.Sub. S.B. 10, which imposes greater penalties on sexual offenders, such as Pritchett, for violations of notification and registration requirements than applied when they were convicted of their underlying sexual offense, violates the prohibition against retroactive laws in Section 28, Article II of the Ohio Constitution. That section provides, in pertinent part: "The general assembly shall have no power to pass retroactive laws." Any law "passed" in violation of that section is therefore void. Further, because such a law purports to apply retroactively, a holding that the law violates Section 28, Article II likewise applies retroactively to any person to whom the law was retroactively applied.

**{¶ 27}** Crim.R. 32.1 authorizes the court that entered a judgment of conviction to set aside the judgment of conviction and permit the defendant to withdraw his plea after sentence was imposed in order to correct a manifest injustice. A judgment of conviction memorializes "the plea, the verdict or findings, upon which each conviction is based, and the sentence." Crim.R. 32(C). When the sentence that was imposed constitutes a manifest injustice, Crim.R. 32.1 reasonably authorizes the court to correct that defect without disturbing the other elements of a conviction. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably

available to him or her." *State v. Hartzell* (Aug. 20, 1999), Montgomery App. No. 17499.

**{¶ 28}** Under Megan's law (which had been applied to Pritchett in 2005), Pritchett with the 2005 prior failure to notify conviction was subject to sentencing for a felony of the third degree. As a result of a subsequent amendment of the law, Pritchett was instead sentenced for a second degree felony offense. That amendment of the law is void, per *Williams*. The sentence the court imposed pursuant to that law is likewise void. It would be a manifest injustice to continue Pritchett's incarceration on a void sentence.

**{¶ 29}** "[A] trial court is authorized to correct a void sentence." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19. An appellate court has inherent authority to vacate the void judgment and remand the case to the trial court to conduct a new sentencing hearing. *State v. Miller*, Summit App. No. 24692, 2009-Ohio-6281, ¶ 6,7.

**{¶ 30}** Accordingly, we reverse Pritchett's conviction, in part, by vacating the sentence the court imposed, and we remand the matter for a new sentencing hearing.

. . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.


Copies mailed to:

Kirsten A. Brandt
Lori R. Cicero
Hon. Dennis Adkins