**[Cite as *State v. Cook*, 197 Ohio App.3d 684, 2012-Ohio-198.]**

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

THE STATE OF OHIO,                              :

    Appellant,                                :          C.A. CASE NO.    24611

v.                                              :          T.C. NO.    11CR205

COOK,                                           :              (Criminal appeal from
                                                             Common Pleas Court)

    Appellee.                                 :

                                                :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the _____20th_____ day of _____January_____, 2012.

· · · · · · · · · ·

Mathias Heck, Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellant.

Rebecca Barthelemy-Smith, for appellee.

· · · · · · · · · ·

FROELICH, Judge.

{¶ 1} Billy L. Cook pled guilty in the Montgomery County Court of Common Pleas to failure to notify a sheriff of a change of address, in violation of R.C. 2950.05, a third-degree felony.   The trial court sentenced him to community control.   The state appeals from Cook's conviction.

I

{¶ 2} In 1991, Billy L. Cook was convicted of rape, and in 1997, he was classified as a

sexually oriented offender under Ohio's version of Megan's Law. While Cook was still in prison, the attorney general notified him that he would be reclassified as a Tier III sex offender. That reclassification was unconstitutional under *State v. Bodyke*, 126 Ohio St.3d, 2010-Ohio-2424, 933 N.E.2d 753. In accordance with *Bodyke*, Cook's original classification as a sexually oriented offender and the registration requirements attendant thereto were reinstated.

{¶ 3} In January 2011, Cook was charged by complaint with failing to notify the sheriff of a change of address, in violation of R.C. 2950.05. Cook pled guilty to the offense with the understanding that the offense constituted a third-degree felony, pursuant to former R.C. 2950.99, 130 Ohio Laws 669, 671-672, and *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344. At the plea hearing, the trial court informed Cook that it would not impose a sentence greater than two years in prison. After a presentence investigation, the court sentenced Cook to community control. The state maintained throughout the case that Cook's offense constituted a first-degree felony, and the prosecutor stated at both the plea and sentencing hearings that the state intended to appeal the trial court's treatment of the offense as a third-degree felony.

{¶ 4} The state timely appealed from Cook's conviction.

II

{¶ 5} The state's sole assignment of error states:

{¶ 6} "The felony sentencing statute R.C. 2950.99 is not applied retroactively when the conduct for which a defendant is convicted and sentenced occurred after the effective date of the statute or January 1, 2008."

{¶ 7} The state claims that the trial court erred in treating Cook's violation of R.C.

2950.05 as a third-degree felony under Megan's Law and in accordance with *Milby,* 2010-Ohio-6344. The state submits that "the sentencing provisions of R.C. 2950.99, which were not amended through S.B. 10 [Ohio's version of the federal Adam Walsh Act ("AWA")], are not among the classification, community-notification or registration duties that were reinstated under *Bodyke*." The state asks that we reconsider *Milby* and hold that the enhanced penalty provisions in R.C. 2950.99 apply when the violation of the registration requirements occurred after January 1, 2008.

{¶ 8} In *Milby*, the defendant challenged his conviction for failure to notify, arguing, among other things, that his reclassification from a sexual predator to a Tier III sex offender was unconstitutional. Following *Bodyke*, we agreed with Milby that his original sexual-predator classification and the community-notification and registration orders attending that classification must be reinstated. *Id.* at ¶ 30. We found, however, that his failure-to-notify conviction was "not offended," but held that the enhanced penalty for the failure to notify offense may be not applied. Specifically, we stated:

> When Milby's original sexual predator classification and registration
> requirements are applied to the facts of his case, his failure to notify conviction
> is not offended. Under former law, Milby was required to provide notice of
> an address change twenty days prior to the change. R.C. 2950.05(A). This
> requirement did not change with the enactment of S.B. 10. Therefore,
> because Milby had an ongoing duty since his release from prison to notify
> MCSO of any change of his registered address, neither S.B. 10 nor *Bodyke*
> changed this requirement or his duty. See *State v. Huffman*, Mont.App. No.
> 23610, 2010-Ohio-4755. AWA did increase the penalty for failure to notify

to a first-degree felony. That penalty may not be applied to Milby. Under the former law, violation of the reporting requirement was a felony of the third degree. See former R.C. 2950.99(A)(1)(a)(i). Since the trial court improperly treated Milby's conviction as a first-degree felony, we will remand this matter to the trial court for resentencing as a third-degree felony conviction.

*Milby* 2010-Ohio-6344, at ¶ 31.

{¶ 9} We have had several opportunities to reconsider *Milby*. *See State v. Johnson*, 2d Dist. No. 24029, 2011-Ohio-2069 (following *Milby*); *State v. Alexander*, 2d Dist. No. 24119, 2011-Ohio-4015 (following *Johnson*); *State v. Alltop*, 2d Dist. No. 24324, 2011-Ohio-5541; *State v. Howard*, 2d Dist. No. 24680, 2011-Ohio-5693; *State v. Pritchett*, 2d Dist. No. 24183, 2011-Ohio-5978; *State v. Harrison*, 2d Dist. No. 24471, 2011-Ohio-6803.

{¶ 10} In *Alltop*, we discussed the changes to the registration requirements occasioned by 2007 Am.Sub.S.B. No. 10, as well as the changes to the penalty structure for violations of R.C. 2950.05, which were enacted in 2007 Am.Sub.S.B. No. 97 without reference to the Adam Walsh Act. After setting forth the statutory changes in detail, we held that Alltop's "reliance on *Milby* in the matter at bar is appropriate," vacated his sentence, and "remanded to the trial court for resentencing as a third degree felony, consistent with the penalty for notification violations in force in Ohio at the time [Alltop] was convicted of the underlying offense." *Alltop.* at ¶ 14-15. Similarly, in *Howard*, we expressly rejected the state's request that we reconsider *Milby*. We stated that "the fact that Howard had committed his offense of failure to notify after the effective date of S.B. 97 does not affect the outcome herein as the state asserts. Pursuant to *Milby*, we find that the trial court erred when it convicted Howard

of a first-degree felony * * *." *Howard* at ¶ 12.

**{¶ 11}** In *Pritchett*, 2011-Ohio-5978, the issue arose in the context of the defendant's appeal from the denial of his motion to withdraw his plea to failure to notify. We rejected Pritchett's argument that the trial court had erred in denying his motion to withdraw his plea, noting that "*Bodyke* did not change the fact that Pritchett had a duty to notify the sheriff of a change in his address of residence, and Pritchett's defenses were the same, whether he were a Tier III sex offender or a sexually oriented offender." *Id*. at ¶ 22.

**{¶ 12}** Addressing Pritchett's sentence, however, we discussed our decisions in *Milby*, *Johnson*, and *Alexander* requiring resentencing under the former version of R.C. 2950.99. We further stated:

> Very recently, in *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, the Supreme Court of Ohio held that the provision of 2007 Am.Sub. S.B. 10, which imposes greater penalties on sexual offenders, such as Pritchett, for violations of notification and registration requirements than applied when they were convicted of their underlying sexual offense, violates the prohibition against retroactive laws in Section 28, Article II of the Ohio Constitution. That section provides, in pertinent part: "The general assembly shall have no power to pass retroactive laws." Any law "passed" in violation of that section is therefore void. Further, because such a law purports to apply retroactively, a holding that the law violates Section 28, Article II likewise applies retroactively to any person to whom the law was retroactively applied.
>
> * * *

> Under Megan's law (which had been applied to Pritchett in 2005), Pritchett with the 2005 prior failure to notify conviction was subject to sentencing for a felony of the third degree. As a result of a subsequent amendment of the law, Pritchett was instead sentenced for a second degree felony offense. That amendment of the law is void, per *Williams*. The sentence the court imposed pursuant to that law is likewise void. It would be a manifest injustice to continue Pritchett's incarceration on a void sentence.

*Pritchett* at ¶ 26, 28. We vacated Pritchett's sentence and remanded for a new sentencing hearing. We recently applied *Pritchett* to a defendant who appealed the denial of his petition for postconviction relief following his guilty plea to failure to register in violation of R.C. 2950.05(B)(F)(2). *State v. Harrison*, 2d Dist. No. 24471, 2011-Ohio-6803. We concluded that Harrison was "entitled to have his sentence vacated since, subsequent to the Adam Walsh Act, the penalty for failure to register for an offender like Harrison with prior convictions was increased to a mandatory three-year term as a felony of the first degree. R.C. 2950.99." *Harrison,* 2011-Ohio-6803, at ¶ 19. We held that Harrison's sentence was void, vacated the sentence, and remanded the case to the trial court for resentencing. *Id.* at ¶ 21.

{¶ 13} We decline to depart from *Milby* and our cases following it and, instead, find *Milby* to be controlling in the circumstances before us. Cook was convicted of rape in 1991 and classified as a sexually oriented offender under Ohio's version of Megan's Law. The trial court did not err in following *Milby* and applying the prior version of R.C. 2950.99, rather than the version enacted under S.B. 97, in sentencing Cook for failure to notify in violation of R.C. 2950.05.

{¶ 14} The state's assignment of error is overruled.

III

{¶ 15} The trial court's judgment will be affirmed.

Judgment affirmed.

. . . . . . . . . .

FAIN AND DONOVAN, JJ., concur.

FAIN, J., concurring.

{¶ 16} If this were a case of first impression, I would reverse, for the reason set forth in Judge Hall's separate opinion in *State v. Howard*, 2d Dist. No. 24680, 2011-Ohio-5693. On January 1, 2008, long before Cook committed the offense to which he pled guilty – failure to notify – the penalty for that offense was increased from a third-degree felony to a first-degree felony. In my view, it is neither a violation of Ohio's retroactive-laws prohibition (Article II, Section 28 of the Ohio Constitution) nor a violation of the federal Ex Post Facto Clause (Article I, Section 10 of the United States Constitution) to apply a statute increasing a penalty for an offense to an offense that is committed after the effective date of the statute.

{¶ 17} But this is hardly a case of first impression. Therefore, I will follow stare decisis and join in the opinion and judgment of this court in this case.

. . . . . . . . . .