Fain, J.,
concurring.
{¶ 16} If this were a case of first impression, I would reverse, for the reason set forth in Judge Hall’s separate opinion in State v. Howard, 195 Ohio App.3d 802, 2011-Ohio-5693, 961 N.E.2d 1196. On January 1, 2008, long before Cook committed the offense to which he pled guilty — failure to notify — the penalty for that offense was increased from a third-degree felony to a first-degree felony. In my view, it is neither a violation of Ohio’s retroactive-laws prohibition (Article II, Section 28 of the Ohio Constitution) nor a violation of the federal Ex Post Facto Clause (Article I, Section 10 of the United States Constitution) to apply a statute increasing a penalty for an offense to an offense that is committed after the effective date of the statute.
{¶ 17} But this is hardly a case of first impression. Therefore, I will follow stare decisis and join in the opinion and judgment of this court in this case.