[Cite as *State v. Muldrew*, 2012-Ohio-1573.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24721 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2011-CR-734 |
| v. | : | |
| | : | |
| EDWARD G. MULDREW | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of April, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

ADELINA E. HAMILTON, Atty. Reg. #0078595, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1}     The State of Ohio appeals from the trial court's termination entry ordering appellee, Edward G. Muldrew, to serve one year in prison for failing to notify the sheriff of an address change as required by R.C. 2950.05.

**{¶ 2}** In its sole assignment of error, the State contends the trial court erred in imposing a one-year prison sentence rather than a statutorily required three-year sentence.

**{¶ 3}** The record reflects that Muldrew was convicted of gross sexual imposition in 2007. Following his release from prison in June 2010, he was required to register as a sex offender and periodically to notify the sheriff of his address. On January 14, 2011, Muldrew was convicted of failure to notify in violation of R.C. 2950.05, a third-degree felony. The trial court sentenced him to five years of community control. *See State v. Muldrew*, Montgomery C.P. Case No. 2010 CR 3639.

**{¶ 4}** On April 11, 2011, Muldrew again was charged with failure to notify in violation of R.C. 2950.05, a third-degree felony. He pled guilty, and the trial court imposed a one-year prison sentence. (Doc. #23). This appeal followed.

**{¶ 5}** The State contends the trial court should have imposed a mandatory three-year prison sentence under the 2007 S.B. 97 version of R.C. 2950.99 in effect when Muldrew committed his most recent failure-to-notify violation. The State acknowledges that this argument is contrary to our holding in *State v. Milby*, 2d Dist. Montgomery App. No. 23798, 2010-Ohio-6344. As a result, the State urges us either to reconsider *Milby* or to stay the present appeal until the Ohio Supreme Court addresses the issue.

**{¶ 6}** Upon review, we decline the State's invitation to reconsider *Milby*. "Under the doctrine of stare decisis, we continue to adhere to * * * *Milby* * * * and a line of subsequent cases decided by this court, in which we have held that the enhanced penalties established by the Adam Walsh Act may not be applied to a person * * * who committed a sexually oriented offense, and was classified as a sex offender, before the enactment of 2007 S.B. 97[,]" which

became effective January 1, 2008. *State v. Buelow*, 2d Dist. Montgomery App. No. 24570, 2012-Ohio-832, ¶2. Although this writer believes *Milby* was wrongly decided, *see State v. Howard*, 195 Ohio App.3d 802, 2011-Ohio-5693, 961 N.E.2d 1196 (2d Dist.), ¶14-21 (Hall, J., concurring in part and dissenting in part), "*Milby* is part of the jurisprudence of this court, and stare decisis precludes simply ignoring it." *Id.* at ¶18. We also decline the State's request to stay this appeal. The State has not identified any imminent ruling by the Ohio Supreme Court on the penalty-enhancement issue we addressed in *Milby*.

{¶ 7}     The State's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
Johnna M. Shia
Adelina E. Hamilton
Hon. Dennis J. Langer