[Cite as *State v. Lott*, 2012-Ohio-3601.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   CA 24886 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2011-CR-2540 |
| v. | : | |
| | : | |
| LAMARC ANTONIO LOTT | : | (Criminal Appeal from Montgomery |
| | : |  County Court of Common Pleas) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of August, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

D.K. RUDY WEHNER, PUBLIC DEFENDER, and TINA M. MCFALL, Atty. Reg. #0082586, 117 South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

FRENCH, J.

{¶ 1}    The State of Ohio appeals the trial court's termination entry ordering

defendant-appellee, Lamarc Antonio Lott ("appellee"), to serve a term of 18 months in prison

for failing to notify the sheriff of an address change as required by R.C. 2950.05.

{¶ 2}   In its sole assignment of error, the State contends the trial court erred in imposing an 18-month sentence rather than a statutorily required three-year sentence.

{¶ 3}   Appellee was convicted of rape in 2004. Following his release from prison, he was required to register as a sex offender and periodically to notify the sheriff of his new address. In February 2011, appellee was convicted of failing to notify in violation of R.C. 2950.05, and he was sentenced to community control. In September 2011, appellee pled guilty to a second charge of failing to notify in violation of R.C. 2950.05, a third-degree felony. The trial court sentenced him to 18 months in prison to run concurrent with a one-year sentence for his violation of community control in the first case. The State timely appealed.

{¶ 4}   The State contends that the trial court should have imposed a mandatory three-year prison sentence under the 2007 S.B. 97 version of R.C. 2950.99 in effect in September 2011, when appellee committed his second failure-to-notify violation. The State acknowledges that this argument is contrary to this court's holding in *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344. The State urges us, however, to reconsider *Milby*.

{¶ 5}   Upon review, we decline the State's invitation to reconsider *Milby*. Rather, under the doctrine of stare decisis, we continue to adhere to *Milby* and subsequent cases in which this court has held that the enhanced penalties established by the Adam Walsh Act may not be applied to a person who committed a sexually oriented offense and was classified as a sex offender prior to the enactment of 2007 S.B. 97, which became effective on January 1, 2008. *See State v. Muldrew*, 2d Dist. Montgomery No. 24721, 2012-Ohio-1573, and cases

cited therein.

{¶ 6}     Accordingly, we overrule the State's assignment of error.  We affirm the judgment of the Montgomery County Court of Common Pleas.

\* \* \* \* \* \* \* \* \* \* \* \*

FAIN and FROELICH, JJ., concur.

(Hon. Judith L. French, Tenth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Johnna M. Shia
Tina M. McFall
Hon. Frances E. McGee