[Cite as *State v. Murphy*, 2012-Ohio-3850.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. CA 24887 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-2787 |
| v. | : | |
| | : | |
| OMAR M. MURPHY | : | (Criminal Appeal from Montgomery |
| | : | County Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of August, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., Prosecuting Attorney, and JOHNNA M. SHIA, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Plaintiff-Appellant

D.K. RUDY WEHNER, PUBLIC DEFENDER, and TINA M. MCFALL, 117 South Main Street, Suite 400, Dayton, Ohio 45422
        Defendant-Appellee

. . . . . . . . . . . .

FRENCH, J.

{¶ 1}    The State of Ohio appeals the trial court's termination entry ordering Defendant-Appellee, Omar M. Murphy ("Appellee"), to serve a sentence of community

control for failing to notify the sheriff of an address change as required by R.C. 2950.05.

{¶ 2}     In its sole assignment of error, the State contends the trial court erred in imposing a sentence of community control rather than a statutorily required three-year sentence.

{¶ 3}     Appellee was convicted of rape in 2002. Following his release from prison, he was required to register as a sex offender and periodically to notify the sheriff of his new address. In October 2011, Appellee pled guilty to a charge of failing to notify in violation of R.C. 2950.05, a fifth-degree felony. The trial court sentenced him to community control. The State timely appealed.

{¶ 4}     The State contends that the trial court should have imposed a mandatory three-year prison sentence under the 2007 S.B. 97 version of R.C. 2950.99 in effect when Appellee committed his failure-to-notify violation. The State acknowledges that this argument is contrary to this court's holding in *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344. The State urges us, however, to reconsider *Milby*.

{¶ 5}     Upon review, we decline the State's invitation to reconsider *Milby*. Rather, under the doctrine of stare decisis, we continue to adhere to *Milby* and subsequent cases in which this court has held that the enhanced penalties established by the Adam Walsh Act may not be applied to a person who committed a sexually oriented offense and was classified as a sex offender prior to the enactment of 2007 S.B. 97, which became effective on January 1, 2008. See *State v. Muldrew*, 2d Dist. Montgomery No. 24721, 2012-Ohio-1573, and cases cited therein.

{¶ 6}     Accordingly, we overrule the State's assignment of error. We affirm the

judgment of the Montgomery County Court of Common Pleas.

. . . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

(Hon. Judith L. French, Tenth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Johnna M. Shia
Tina M. McFall
Hon. Mary Katherine Huffman