**[Cite as *State v. Pritchett*, 2012-Ohio-4626.]**

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24967 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 09-CR-1226 |
| v. | : | |
| | : | |
| THOMAS E. PRITCHETT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of October, 2012.

. . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

THOMAS M. KOLLIN, Atty. Reg. #0066964, Kollin & Wilkins, PLL, 2661 Commons Boulevard, Suite 214, Beavercreek, Ohio 45431
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Thomas Pritchett appeals from his conviction for Failure to

Notify and the imposition of a three-year sentence along with post-release control. Pritchett contends that the trial court erred in following our mandate from a prior appeal in which we directed the trial court to sentence Pritchett for a third-degree felony, rather than for a second-degree felony. Pritchett contends that the trial court should have instead sentenced him for a fifth-degree felony, rather than for a third-degree felony.

{¶ 2} We conclude that our prior mandate to the trial court is the law of the case, which precludes the trial court or this appellate court from varying from our mandate to sentence Pritchett for a third-degree felony. Therefore, the trial court did not err when it sentenced Pritchett for a third-degree felony. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of Proceedings

{¶ 3} In 1992, Pritchett was convicted of Attempted Rape. As a result of that conviction, he was designated a sexually-oriented offender under Megan's Law, which required him to register, verify annually, and notify the county sheriff of any change of address for a period of ten years from the date he was released from prison. Pritchett was released from prison in August of 1999.

{¶ 4} In 2009, Pritchett was indicted on one count of Failure to Notify, a felony of the second degree, in violation of R.C. 2950.05(A) and (F)(1). Pritchett pled no contest and the trial court sentenced him to a mandatory three-year sentence. Pritchett did not appeal.

{¶ 5} Subsequently, in 2010, Pritchett filed a motion to withdraw his plea, asserting that "he was no longer under an obligation to report his address due to the holding" in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753. The trial court overruled the motion. Pritchett filed a notice of appeal.

{¶ 6} In his appellate brief, Pritchett raised the following assignment of error: "THE TRIAL COURT ERRED IN OVERRULING THOMAS PRITCHETT'S MOTION TO WITHDRAW PLEA AND VOID CONVICTION." While the appeal was pending, we issued a Decision and Entry allowing the parties time to brief an issue not raised in the lower court or in the appeal, namely the disparity in sentencing arising under the Adam Walsh Act and Megan's Law, including felony level and mandatory time.

{¶ 7} In *State v. Pritchett*, 2d Dist. Montgomery No. 24183, 2011-Ohio-5978, we overruled Pritchett's assignment of error regarding his motion to withdraw his plea. However, we held that the trial court erred in sentencing Pritchett for a second-degree felony rather than for a third-degree felony. We held, at ¶ 28-30:

> Under Megan's law (which had been applied to Pritchett in 2005), Pritchett with the 2005 prior failure to notify conviction was subject to sentencing for a felony of the third degree. As a result of a subsequent amendment of the law, Pritchett was instead sentenced for a second degree felony offense. That amendment of the law is void, per [*State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108]. The sentence the court imposed pursuant to that law is likewise void. It would be a manifest injustice to continue Pritchett's incarceration on a void sentence.

> "[A] trial court is authorized to correct a void sentence." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19. An appellate court has inherent authority to vacate the void judgment and remand the case to the trial court to conduct a new sentencing hearing. *State v. Miller*, Summit App. No. 24692, 2009-Ohio-6281, ¶ 6,7.

Accordingly, we reverse Pritchett's conviction, in part, by vacating the sentence the court imposed, and we remand the matter for a new sentencing hearing.

{¶ 8} Pritchett did not file a motion to reconsider our judgment on appeal, nor did he seek review of our judgment with the Supreme Court of Ohio. On remand, the trial court held a sentencing hearing. At that hearing, Pritchett contended, for the first time, that he should be sentenced for a fifth-degree felony, rather than for a third-degree felony. The trial court followed our mandate and re-sentenced Pritchett to three years in prison for Failure to Notify, a third-degree felony, in violation of R.C. 2950.05(A) and (F)(1). From the judgment entry of conviction and sentence, Pritchett appeals.

## II.   The Doctrine Of Law Of The Case Requires
## Sentencing For A Third-Degree Felony

{¶ 9} Pritchett's sole assignment of error states:

THE TRIAL COURT ERRED IN CONVICTING APPELLANT OF A THIRD DEGREE FELONY AND SENTENCING HIM ACCORDINGLY.

{¶ 10} Pritchett contends that the decision of the Supreme Court of Ohio in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, and our decision in *State v. Howard*, 195 Ohio App.3d 802, 2011-Ohio-5693, 961 N.E.2d 1196 (2d Dist.), required the trial court to sentence Pritchett for a fifth-degree felony, rather than for a third-degree felony. According to Pritchett, "any subsequent enhancement of penalties in R.C. §2950.99 after Appellant's conviction of his underlying sexual offense, violates the prohibition against retroactive laws in Section 28, Article II of the Ohio Constitution." Pritchett's Brief, p. 5.

{¶ 11}   The State contends that we correctly found in our prior decision that Pritchett should be sentenced for a third-degree felony rather than for a fifth-degree felony, because the law that applied to Pritchett after S.B. 10 was declared unconstitutional made Failure to Notify a third-degree felony.   Furthermore, the State contends that even if we were incorrect in our prior decision, the doctrine of law of the case precludes us and the trial court from varying from our prior mandate. The State notes that: "[i]f Pritchett disagreed with this Court's decision, he could have filed an application for reconsideration.   * * * Or he could have tried to persuade the Supreme Court of Ohio to accept that issue for review.   * * * He did neither."   State's Brief, p. 6.

{¶ 12}   In *Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4, 462 N.E.2d 410 (1984), the Supreme Court of Ohio explained the doctrine of law of the case:

> [T]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * *

> The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. * * * However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. * * *

> In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * *   Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's

determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given. * * *  (Citations omitted.)

**{¶ 13}**  The *Nolan* court noted that although an inferior court may not generally disregard the mandate of a superior court in a prior appeal of the same case, it may do so in "extraordinary circumstances, such as an intervening decision by [the Supreme Court]." *Id.* at 5.

**{¶ 14}**  We agree with the State that the doctrine of law of the case requires us and the trial court to follow our mandate in *State v. Pritchett*, 2d Dist. Montgomery No. 24183, 2011-Ohio-5978.  Pritchett failed to request reconsideration of our prior decision and did not seek review of our decision with the Supreme Court of Ohio.   Indeed, Pritchett did not argue in the prior appeal that he should be sentenced for a fifth-degree felony.   Furthermore, there has been no intervening decision of the Supreme Court of Ohio requiring us to vary from our earlier mandate.

**{¶ 15}**  Although Pritchett argues that we were wrong when we decided, in the prior appeal, that he should be sentenced as a third-degree felon, we are not persuaded.  Effective January 1, 2004, after Megan's Law, but before the Adam Walsh Act and before Pritchett committed the offense of Failure to Notify, the General Assembly increased the penalty for his offense from a fifth-degree felony to a third-degree felony.  Therefore, he could be sentenced for a third-degree felony.  *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344, ¶ 31; *State v. Johnson*, 2d Dist. Montgomery No. 24029, 2011-Ohio-2069, ¶ 10; *State v. Alexander*, 2d Dist. Montgomery No. 24119, 2011-Ohio-4015, ¶ 38.   *But see State v. Howard*, 195 Ohio App.3d 802, 2011-Ohio-5693, 961 N.E.2d 1196, ¶ 12 (2d Dist.).

**{¶ 16}**  The trial court did not err in following our mandate and sentencing Pritchett for a third-degree felony.   Pritchett's sole assignment of error is overruled.

### III.   Conclusion

{¶ 17}   Pritchett's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Thomas M. Kollin
Hon. Dennis J. Adkins