[Cite as *State v. Carter*, 2012-Ohio-4617.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 24995 |
| vs. | : | T.C. CASE NO. 11-CR-3659 |
| MALCOLM J. CARTER | : | (CRIMINAL APPEAL FROM COMMON PLEAS COURT) |
| Defendant-Appellee | : | |

· · · · · · · · ·

**O P I N I O N**

Rendered on the 5th day of October, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Prosecuting Attorney, Johnna M. Shia, Assistant Prosecuting Attorney, Atty. Reg. No. 0067685, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

Tina M. McFall, Atty. Reg. No. 0082586, 117 South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} This appeal is brought by the State pursuant to R.C. 2945.67(A) and

2953.08(B). The State asks us to reconsider our holding in *State v. Milby,* 2d Dist.

Montgomery No. 23798, 2010-Ohio-6344. We decline to reconsider *Milby,* and will affirm the judgment of the trial court.

{¶ 2} The facts of the present case relevant to the State's assignment of error are essentially the same as those in *Milby* and subsequent decisions in which we followed *Milby. See, e.g., State v. Pritchett,* 2d Dist. Montgomery No. 24183, 2011-Ohio-5978, *State v. Kimbrough,* 2d Dist. Montgomery No. 24746, 2012-Ohio-1773, *State v. Muldrew,* 2d Dist. Montgomery No. 24721, 2012-Ohio-1573.

{¶ 3} In February 13, 2006, Defendant Malcolm Carter was adjudicated delinquent for having committed sexual battery, R.C. 2907.03, a felony of the third degree had it been committed by an adult, in Montgomery County Juvenile Court Case No. A2006-0194-01. Defendant was committed to the Department of Youth Services. Prior to Defendant's release, the trial court classified Defendant as a juvenile sexually oriented offender, requiring annual registration for ten years following his release, pursuant to Megan's Law.

{¶ 4} On January 1, 2008, Ohio's version of the Adam Walsh Act (S.B. 10 and S.B. 97) went into effect. S.B. 10 implemented a Tier structure, whereby an offender is classified into a Tier based solely upon his conviction for a sex offense. S.B. 97 increased the penalties for which offenders would be subject if they failed to comply with their registration requirements.

{¶ 5} Shortly after the passage of the Adam Walsh Act, Defendant was reclassified as a Tier I juvenile offender. Tier I juvenile offenders must register for ten years and verify their addresses with the sheriff each year. R.C. 2950.05(B)(3); R.C. 2950.06(B)(1).

{¶ 6} Between March 1, 2010 and April 22, 2010, Defendant failed to notify the sheriff of a change of address. He was charged by indictment with failure to notify, R.C.

2950.50(A) and (F), a felony of the third degree. Defendant pled guilty to the offense, and the trial court sentenced him to community control sanctions.

{¶ 7} On June 3, 2010, the Ohio Supreme Court held the Adam Walsh Act unconstitutional to the extent it required reclassification of sex offenders who had already been classified under Megan's Law. *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 60-61. Pursuant to *Bodyke,* Defendant's original classification as a juvenile sexually oriented offender was reinstated.

{¶ 8} On July 13, 2011, the Ohio Supreme Court decided *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, holding that it is unconstitutional to impose the S.B. 10 registration requirements on a sex offender whose crime was committed prior to S.B. 10's enactment. *Id.* at ¶ 20.

{¶ 9} Between September 4, 2011 and October 24, 2011, Defendant again failed to notify the sheriff of a change of address. He was indicted with one count of failure to notify (underlying offense a third-degree felony, and with a prior conviction for failure to notify), R.C. 2950.05(A) and (F), a felony of the third degree. The trial court accepted Defendant's guilty plea to the offense as a felony of the fifth degree, over the State's objection. The trial court sentenced Defendant to six months in prison. The State appeals from the judgment of conviction and the sentence.

{¶ 10} State's assignment of error:

"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SENTENCED CARTER TO 6 MONTHS OF INCARCERATION BECAUSE THE SENTENCING STATUTE IN EFFECT AT THE TIME HE COMMITTED HIS REGISTRATION OFFENSE

CLASSIFIED HIS OFFENSE AS A F3 AND REQUIRED A MANDATORY 3-YEAR PRISON SENTENCE DUE TO HIS PRIOR CONVICTION."

{¶ 11} As of January 1, 2008, S.B. 97 increased the penalty for failure to notify (with a prior conviction), mandating a three-year sentence. The State argues that because Defendant committed the offense of failure to notify after this change in the statute, the enhanced Adam Walsh Act penalties should apply.

{¶ 12} We previously addressed this argument in *Pritchett,* one of the cases that applied and followed *Milby*. In *Pritchett,* we wrote at ¶ 26 and ¶ 28:

> Very recently, in *State v. Williams,* 129 Ohio St.3d 344, 952 N.E.2d 1108, 2011-Ohio-3374, the Supreme Court of Ohio held that the provision of 2007 Am.Sub. S.B. 10, which imposes greater penalties on sexual offenders, such as Pritchett, for violation of notification and registration requirements than applied when they were convicted of their underlying sexual offense, violates the prohibition against retroactive laws in Section 28, Article II of the Ohio Constitution.
>
> * * *
>
> Under Megan's law (which had been applied to Pritchett in 2005), Pritchett with the 2005 prior failure to notify conviction was subject to sentencing for a felony of the third degree. As a result of the subsequent amendment of the law, Pritchett was

instead sentenced for a second degree felony offense. That amendment of the law is void, per *Williams.* The sentence the court imposed pursuant to that law is likewise void. It would be a manifest injustice to continue Pritchett's sentence on a void sentence.

**{¶ 13}** What we said in *Pritchett* likewise applies in this case. Moreover, we note that the State appealed our decision in *Milby* to the Ohio Supreme Court, and by Entry filed on October 5, 2011, in Case No. 2011-0292, the Supreme Court declined to accept that decision for review. The State encourages us to reconsider our decision in *Milby,* but we decline to do so.

**{¶ 14}** The State alternatively asks us to hold our decision in this case pending the Supreme Court's decisions in the recently argued cases of *State v. Brunning,* 8th Dist. Cuyahoga No. 95376, 2011-Ohio-1936, appeal accepted, 129 Ohio St.3d 1488, 2011-Ohio-5129, 954 N.E.2d 661, and *State v. Howard,* 195 Ohio App.3d 802, 2011-Ohio-5693 (2d Dist.), appeal accepted, 131 Ohio St.3d 1472, 2012-Ohio-896, 962 N.E.2d 803. We decline to do so.

**{¶ 15}** The trial court properly applied our holding in *Milby,* and correctly sentenced Defendant for a fifth-degree felony based upon the penalty for a violation of R.C.2950.06, failure to verify residence address, in effect under Megan's Law. *See,* former R.C. 2950.99. Accordingly, the State's assignment of error is overruled. The judgment of the trial court will be affirmed.

Froelich, J., concurs.

Hall, J., concurring

I concur with the result here. I have previously disagreed with the holding in *Milby*, see *State v. Howard*, 195 Ohio App.3d 802, 2011–Ohio–5693, 961 N.E.2d 1196, ¶ 14–21 (2d Dist.) (Hall, J., concurring in part and dissenting in part). But I recognize that " Milby is part of the jurisprudence of this court, and stare decisis precludes simply ignoring it." Id. at ¶ 18.

**Copies mailed to:**

**Johnna M. Shia, Esq.**
**Tina M. McFall, Esq.**
**Hon. Dennis J. Langer**