[Cite as *State v. Alltop*, 2011-Ohio-5541.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24324 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10 CR 02316 |
| v. | : | |
| | : | (Criminal Appeal from |
| JOSEPH ALLTOP | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 28th day of October, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

DANIEL R. ALLNUTT, Atty. Reg. #0085452, P.O. Box 234, Alpha, Ohio 45301
      Attorney for Defendant-Appellant

. . . . . . . . . . .

WAITE, J. (Sitting by Assignment)

{¶ 1} Appellant Joseph Lee Alltop was originally classified as a sex offender under Florida law. He now appeals his post-Adam Walsh Act sentence for failure to notify the Montgomery County Sheriff's Department of his change of address. Appellant argues that the penalty in force in Ohio when he was convicted and classified in Florida as a sexual offender in

2006 must be applied to his 2010 violation of notification requirements pursuant to *State v. Milby*, Montgomery App. No. 23798, 2010-Ohio-6344. Appellant also argues that his conviction should be reversed because the trial court failed to rule on pending motions to dismiss and for a directed verdict prior to entering the guilty verdict. For the following reasons, the judgment of the trial court is affirmed in part, Appellant's sentence is reversed and the matter is remanded to the trial court for resentencing and for clarification of the appropriate sex offender classification for Appellant under Ohio's version of Megan's Law.

FACTUAL AND PROCEDURAL HISTORY

{¶ 2} On April 16, 2004, in Pasco County Florida, Appellant pleaded guilty to lewd or lascivious molestation, a second degree felony, Sixth District Case No. CR0303951CFAS. On August 6, 2007, Appellant either pleaded guilty to or was convicted of failure to register as a sex offender in Ohio, Muskingum County Common Pleas Case No. 2006-CR-0384. The 2007 violation was either a fourth degree felony, according to the record, or a third degree felony, pursuant to the version of R.C. 2950.99(A)(1)(a)(i) effective between January 1, 2004 and January 1, 2008. On August 4, 2010 the Montgomery County Grand Jury indicted Appellant on one count of failure to register, a violation of R.C. 2950.041 occurring on or about July 2, 2010. This violation was a second degree felony, under the version of R.C. 2950.99(A)(1)(a)(ii) effective January 1, 2008. A bench trial was held on October 20, 2010 and Appellant was found guilty. Due to Appellant's 2007 violation, he was sentenced to the statutory minimum of three years in prison. Appellant filed his timely appeal on November 3, 2010. On appeal, Appellant did not dispute the court's finding that he was a sex offender required to register, that he had

established a residence, and that he was guilty of the violation charged. Appellant instead argues that the court erred in sentencing him according to the provisions of S.B. 97. Senate Bill 97, effective January 1, 2008, changed the sentencing provisions for violations of R.C. 2950.05. Senate Bill 97 was passed at the same time as, but was separate from, S.B. 10, which codified the Adam Walsh Act in Ohio. Appellant also argues that the trial court erred in not explicitly ruling on his motion to dismiss and motion for directed verdict, which he verbally renewed at the closing of proceedings on October 20, 2010.

{¶ 3} At trial, prior to opening statements, counsel for appellant argued that the registration provisions Appellant was charged under were not applicable to him and cited caselaw in support of his argument. The court examined both cases and found that they applied to the reclassification of sex offenders, not to violations of the notification requirements which apply to all classes of offenders. The trial court instructed counsel that Appellant's motion for dismissal could be renewed at "the appropriate time for a directed verdict," and cautioned, "although my decision may be the same." (Tr., p. 12.) When the defense concluded, the state waived rebuttal. The court took the matter under advisement, setting proceedings to continue on October 26, 2010. After concluding the defense, but before the court concluded the proceeding, defense counsel verbally renewed the motion to dismiss and made a motion for directed verdict. On October 26, 2010 the court reopened proceedings in the bench trial. The trial court noted that it was merely required to enter a general verdict, but decided to make specific findings on the record:

{¶ 4} " * * * I want to indicate that the defendant was beyond a doubt previously

adjudicated in the state of Florida as a sex offender. And as a sex offender in the state of Florida when he moved to Ohio, under Ohio Revised Code [2950.01(A)(11)], a violation of any former law of this state, any existing or former municipal ordinance or law of another state * * * qualifies him as a sexual offender required to register in the state of Ohio, because he had that conviction out of the state of Florida.

{¶ 5} "Furthermore, the requirements of 2950.05 require that he register with the sheriff if he changes his address, shall provide written notice at least 20 days prior to changing the residence address * * * no person who is required to notify a sheriff of the change of address shall fail to notify the appropriate sheriff in accordance with that division. That section requires that he register and if he does not or fails to, that is a violation of law." (Tr., pp. 143-144.)

{¶ 6} The trial court discussed the penalty section and the applicable minimum term of three years, found that Appellant was living at the address indicated, and found that he was required by Ohio law to have reported that address to the sheriff's office. (Tr., p. 144.) The court then offered Appellant the opportunity to delay sentencing so that a pre-sentencing report could be prepared. Appellant waived this report, and the court proceeded directly to sentencing. Pursuant to then-current Ohio law, the court sentenced Appellant to three years in prison with three years of post-release control. Appellant's timely appeal was filed one week later.

ASSIGNMENT OF ERROR NO. 1

{¶ 7} "THE TRIAL COURT ERRED WHEN IT SENTENCED HIM ACCORDING TO THE SENATE BILL 10 [sic] SENTENCING PROVISIONS, AND NOT ACCORDING TO THE PENALTIES THAT EXISTED AT THE TIME OF HIS ORIGINAL SEX OFFENDER REGISTRATION IN THE STATE OF FLORIDA."

**{¶ 8}** Appellant invokes a variety of caselaw concerning the unconstitutionality of the reclassification of sex offenders under the Adam Walsh Act, passed by Congress in 2006 and codified in Ohio as R.C. 2950.031 and .032. Appellant argues that his sentence for failure to notify the sheriff's department of his change in address, which reflects the penalties enacted at the same time as the unconstitutional portions of S.B. 10, is invalid. Appellant cites our decision in *State v. Milby*, supra, in support of the contention that he should instead be sentenced under the provisions that were in force when he was originally classified as a sexual offender in Florida. In *Milby*, we revised the reclassification of the defendant as a Tier III sex offender by the Ohio Attorney General. Milby, who was originally convicted of rape in 1983, was convicted in 2009 of failing to register his actual address. We found that Milby's reclassification was a violation of the separation of powers clause of the Ohio Constitution. Although reclassification was improper, Milby's conviction was not dependent upon his classification and the conviction was upheld. However, Milby's sentence, which reflected sentencing enhancements put in place after his conviction, was improper and we remanded the matter for resentencing under the former version of R.C. 2950.99(A). In the instant appeal, we will address Appellant's reclassification argument and the applicability of registration and notification requirements in this matter, before considering the impact of *Milby* on Appellant's arguments.

**{¶ 9}** Appellant attempts to place the argument concerning his sentence in the context of the type of reclassification declared unconstitutional in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424. While he is correct, as the state concedes, that he should not be classified as a Tier III offender pursuant to S.B. 10 and should instead be classified under Megan's Law, which was in place both in Ohio and in Florida when he was convicted, his classification does not

impact his sentence or alter the nature of his violation. Registration and notification requirements were originally imposed on him in Florida under that state's version of Megan's Law. The notification provision Appellant was convicted of violating existed in Ohio, again under Megan's Law, both when he was convicted in Florida and when he failed to register in Muskingum County, Ohio. (See, Tr., pp. 5-8.) Any issue concerning the applicability of Ohio's pre-Adam Walsh Act registration and notification requirements is moot in light of Appellant's April 16, 2007 conviction or guilty plea.

{¶ 10} Not only is Appellant required to report in Ohio; when Appellant was originally convicted in Florida, anyone convicted of specific sexually oriented offenses, including Appellant's offense, was automatically classified as a sexual offender under Florida's version of Megan's Law. Fla. Stat. 943.0435 (1)(a) 1. According to Florida statute and his 2006 Florida judgment, Appellant was a sexual offender and therefore required to comply with Florida's registration and notification provisions. (State's Exh. 6.) Among other requirements, all sexual offenders in Florida must register with both the sheriff's department in their county of residence and the Florida BMV within 48 hours of release and provide a variety of personal and residential information. Sexual offenders must update the BMV within 48 hours of any change in the information provided, including name changes and change in address. In addition to notifying the BMV of changes, sexual offenders must also notify the sheriff's department of any intent to relocate, and confirm either relocation or a decision not to relocate within 48 hours. Sexual offenders must verify their registration information every time their drivers' license is due for renewal. All sexual offenders in Florida must comply with these registration and notification procedures for life, unless the offender receives a full pardon or has the conviction set aside.

Offenders who are over 18 at the time of offense and are not arrested for any felony or misdemeanor for 20 years after release may seek a court order releasing them from reporting requirements. Offenders who are 18 or under at the time of the offense may petition for a court release under similar circumstances after 10 years. Fla. Stat. 943.0435 (2)-(11), effective 2004.

{¶ 11} In 2004, R.C. 2950.05 did not require registry with the BMV, but instead included the 20-day notice requirement Appellant is charged with violating. Ohio law in 2004 also automatically classified as a sexual predator any sexually oriented offender who, by virtue of a prosecution in another state, was required by that state to register as a sexually oriented offender for life, regardless of how a comparable underlying offense would be treated in Ohio. R.C. 2950.09 (A) (classification as sexual predator under this provision due to an out of state conviction may be challenged pursuant to R.C. 2950.09 (F)). Thus, it appears from the record that Appellant may be classified as a sexual predator under Ohio's version of Megan's law. However, even if he were classified as a sexually oriented offender, under both Ohio and Florida law Appellant was required to comply with registration and notification provisions for a minimum of ten years, placing both his 2007 and 2010 violations well within the compliance period. Appellant's compulsory reporting and notification requirements have nothing to do with the unconstitutional reclassification found in *Bodyke*.

{¶ 12} That said, there is error in Appellant's sentencing. In 2006, the federal Adam Walsh Act introduced a broad, nationwide, standardization of sexual offender classifications and implementation of national databases regarding sexual offender data. The Act did not specify the penalty structure for violations of either the Act or of state legislation required to implement the Act. The only non-federal penalty provision in the Adam Walsh Act, captioned "**[s]tate**

**penalty for failure to comply**," pertains to the failure to comply with registry requirements included in the Act and provides generally that "[e]ach jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter." 42 USC § 16913 (Adam Walsh Child Protection and Safety Act of 2006, PL 109-248, Title I, §113). In Ohio, the legislature implemented the programmatic changes required by the Act, including both the new tier classifications and the retroactive reclassification requirement in S.B. 10. In June of 2010 the Ohio Supreme Court ruled that the reclassification provisions of Ohio's S.B. 10 were unconstitutional, but that all other sections were both valid and severable. *Bodyke* at ¶60–63. The Supreme Court concluded: "severance of R.C. 2950.031 and 2950.032, the reclassification provisions in the [Adam Walsh Act], is the proper remedy. By excising the unconstitutional component, we do not 'detract from the overriding objectives of the General Assembly,' i.e., to better protect the public from the recidivism of sex offenders, and the remainder of the [Adam Walsh Act], 'which is capable of being read and of standing alone, is left in place.'" Id. at ¶66, citing *State v. Foster*, 109 Ohio St.3d 1, 2009-Ohio-856. Subsequent to severing the reclassification provisions of S.B. 10, the Ohio Supreme Court revisited the applicability of the remaining classification and reporting provisions in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374. In *Williams*, the Ohio Supreme Court concluded that if an offense occurred before the effective date of S.B. 10, only the registration and reporting requirements in effect at the time the offense occurred could be imposed on the offender as part of his sentence. Id. at ¶21.

{¶ 13} Like the federal act it codified, Ohio S.B. 10 did not alter the existing penalties for

violations of the state's registration and notification requirements. As earlier enacted in Ohio, violation of a registration or notification provision is a third degree felony, necessitating a prison term of not less than one and not more than five years. This was fully compliant with the new federal law. Nevertheless, on June 27, 2007, the same day the Ohio legislature passed S.B. 10 it also passed S.B. 97. Ohio S.B. 97, without reference to the Adam Walsh Act, changed the penalty structure for violations of R.C. 2950.05 to provide that if "the most serious sexually oriented offense * * * that was the basis of the registration, notice of intent to reside, change of address notification, or address verification requirement that was violated under the prohibition is a felony of the first, second, third, or fourth degree if committed by an adult or a comparable category of offense committed in another jurisdiction, the offender is guilty of a felony of the same degree as the most serious sexually oriented offense * * * that was the basis of the * * * requirement that was violated." R.C. 2950.99(A)(1)(a)(ii), effective January 1, 2008. Thus, where the underlying conviction that gives rise to the registration and notice requirements of Ohio law is also a second degree felony, whether that conviction occurred in Ohio or in Florida, a violation of those registration and notice requirements is also a second degree felony.

{¶ 14} In addition to making the penalty for violations of Ohio registration requirements commensurate with the original crime, S.B. 97 also introduced a mandatory minimum sentence requirement for repeated failure to comply with R.C. 2950.05. Where the most serious underlying sexually oriented offense that triggered mandatory compliance with R.C. 2950.05 was a felony and the offender previously "[was] convicted of or pleaded guilty" to a violation of 2950.05, "the court imposing a sentence upon the offender shall impose a definite prison term of no less than three years." 2950.99 (A)(2)(b). Appellant's three-year sentence reflects these

provisions. As we noted in *State v. Huffman*, Montgomery App. No. 23610, 2010-Ohio-4755, ¶13, "the penalty for Failure to Notify is not contingent upon the classification of the offender." Nevertheless, Appellant is correct in comparing his sentence under the current penalties to the sentence reversed by us in *Milby*. Appellant's reliance on *Milby* in the matter at bar is appropriate, and *Milby* is determinative of Appellant's first assignment of error.

{¶ 15} Under R.C. 2950.05, which was not altered by the Adam Walsh Act, both Appellant in the matter at bar and the appellant in *Milby* were required to provide notice of a change of address twenty days prior to the change. Due to the definition of his original crime, when Milby was charged with failure to notify in July of 2009, his violation had been changed from a third degree felony to a first degree felony by S.B. 97. Milby was charged with a first degree felony violation of R.C. 2950.05(A), convicted in a bench trial, and sentenced to three years of mandatory incarceration. We ruled that the penalty enacted in S.B. 97, codified at R.C. 2950.99(A)(1)(a)(ii) effective January 1, 2008, for violation of the reporting requirements could not be applied to the defendant in *Milby*, and remanded the matter for resentencing as a third degree felony, the penalty that was in place when Milby was originally classified as a sexual predator. Id. at ¶31.

{¶ 16} Pursuant to our decision in *Milby*, Appellant's first assignment of error is sustained, his sentence for failure to notify is vacated, and the matter remanded to the trial court for sentencing as a third degree felony, consistent with the penalty for notification violations in force in Ohio at the time Appellant was convicted of the underlying offense in Florida. The trial court is also instructed to determine the appropriate offender classification under the Ohio version of Megan's Law in force when Appellant entered the state, not the Tier III designation he

appears to have registered under in Montgomery County.

ASSIGNMENT OF ERROR NO. 2

{¶ 17} "THE TRIAL COURT ERRED IN FAILING TO RULE ON A RENEWED MOTION TO DISMISS AND A RENEWED MOTION FOR A DIRECTED VERDICT."

{¶ 18} In Appellant's second assignment of error he argues that the trial court's failure to explicitly rule on his motion to dismiss and motion for directed verdict is reversible error and that his conviction should be overturned as a result. Appellant's argument is without merit. The record reflects that the court made explicit findings on all of the elements of the offense, overruling in substance Appellant's pending motions. After making these findings, the court entered its verdict. Where, as here, a trial court proceeds to judgment without ruling on a pending motion, it is presumed the motion has been denied. *State v. Alexander* (1989), Franklin App. No. 88AP-495, 2; see, also, *State ex rel. The V. Cos. v. Marshall* (1998), 81 Ohio St.3d 467, 1998-Ohio-329. Appellant does not challenge the factual basis of the verdict, merely the fact that the word "overruled" does not appear in the record. The court's entry of the guilty verdict clearly reflects that the trial court's intent is to overrule Appellant's motions. Appellant's second assignment of error is without merit and is therefore overruled.

CONCLUSION

{¶ 19} Appellant's first assignment of error has merit pursuant to our decision in *Milby* and is hereby sustained. We remand the matter to the trial court for resentencing, and for clarification of Appellant's classification status. Appellant's second assignment is without merit and is overruled. Accordingly, the trial court's judgment is affirmed in part and reversed in part and remanded for further proceedings not inconsistent with this Opinion.

a. . . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

(Hon. Cheryl L. Waite, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Johnna M. Shia
Daniel R. Allnutt
Hon. Dennis J. Adkins