[Cite as *State v. Buelow*, 2012-Ohio-832.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                              :
                                          :        Appellate Case No. 24570
       Plaintiff-Appellant            :
                                          :        Trial Court Case No. 2010-CR-3418
v.                                        :
                                          :
DAVID C. BUELOW             :        (Criminal Appeal from
                                          :          Common Pleas Court)
       Defendant-Appellee        :
                                          :

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of March, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County
Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972,
301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

JENNIFER S. GETTY, Atty. Reg. #0074317, 46 East Franklin Street, Dayton, Ohio 45459
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1} The State of Ohio appeals from a sentence imposed upon defendant-appellant David C. Buelow on one count of Failure to Register with the Montgomery County Sheriff's Office as a sex offender when he relocated to Montgomery County from California in October, 2010, in violation of R.C. 2950.05. The State contends

that the trial court erred when it imposed a sentence – community control sanctions – appropriate under the law preceding 2007 S.B. 97, effective January 1, 2008, part of the Ohio Adam Walsh Act. The State contends that the trial court should have imposed a mandatory three-year sentence, which is required for this offense under the law that became effective in 2008.

{¶ 2} Under the doctrine of stare decisis, we continue to adhere to *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344, and a line of subsequent cases decided by this court, in which we have held that the enhanced penalties established by the Adam Walsh Act may not be applied to a person, like Buelow, who committed a sexually oriented offense, and was classified as a sex offender, before the enactment of 2007 S.B. 97. Accordingly, the judgment of the trial court is Affirmed.

**I. Buelow Commits a Sex Offense in California and Is Subsequently Classified as a Sexual Offender Under Megan's Law in Ohio.**

{¶ 3} Buelow was convicted of Rape in California in 1987, and was sentenced accordingly.

{¶ 4} In 1997, Ohio's version of Megan's Law went into effect, providing for a scheme of classification of sexual offenders, with various reporting, registration and notification requirements that depended upon the offender's classification. 146 Ohio Laws, Part II, 2560. In 1999, Buelow was classified as a sexually oriented offender by the Montgomery County, Ohio, Court of Common Pleas. Upon Buelow's release from prison, he registered with the Montgomery County, Ohio, Sheriff's Office, in accordance with the

statutory requirement.

## II. Buelow Fails to Comply, Pleads Guilty, and Is Sentenced.

{¶ 5} In January, 2006, Buelow failed to comply with the registration requirements applicable to him. He was charged by indictment with the appropriate offense, pled guilty, and was sentenced to community control sanctions for five years.

## III. The Ohio Adam Walsh Act Is Enacted; Buelow Relocates to California.

{¶ 6} In 2007, Ohio enacted its version of the federal Adam Walsh Act, P.L. No. 109-248, 120 Stat. 587, codified at Section 16901 et seq., Title 42, U.S.Code. The Ohio version included two parts: (1) 2007 Am.Sub.S.B. No. 10, which adopted a three-tiered system of sex offender classification that depended upon the identity of the sex offense of which the offender was convicted, with different, and generally more onerous, reporting, notification, and registration requirements; and (2) 2007 S.B. 97, which changed the penalties attached to conviction for failure to comply with requirements, and, in many situations, enhanced those penalties. Both parts of the Ohio Adam Walsh Act became effective on January 1, 2008.

{¶ 7} Buelow relocated to California in 2010, and registered with the San Diego, California Sheriff's Office in August of that year. The Ohio Adam Walsh Act had called for Buelow's re-classification as a Tier III sex offender (with the most onerous reporting, notification, and registration requirements), and Buelow was re-classified as a Tier III offender by the Ohio Attorney General, in accordance with the statute. But that part of the statute was

held unconstitutional because of a separation-of-powers violation, in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, which ordered persons who had been reclassified by the Ohio Attorney General reinstated to their pre-existing Megan's Law classifications. Subsequently, the Supreme Court of Ohio has held that application of the Adam Walsh Act classification scheme and reporting, notification, and registration requirements to someone who committed his or her offense before the enactment of the Adam Walsh Act constitutes a retroactive application of a punitive statute, in violation of the Retroactive Laws prohibition in Article II, Section 28, of the Ohio Constitution. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

**IV. Buelow Returns to Ohio, Again Fails to Register, Pleads No Contest, and Is Sentenced Under the pre-Adam-Walsh-Act Law for a Felony of the Third Degree.**

{¶ 8} Buelow returned to Ohio from California, arriving October 19, 2010. He failed to register with the Montgomery County Sheriff's Office as required by his classification as a sexually oriented offender under the Megan's Law requirements, to which he had been restored as a result of *State v. Bodyke*, supra. The State charged him with the offense as a felony of the first degree, because his California Rape conviction, the equivalent of a first-degree felony under Ohio law, and his prior failure-to-register conviction, made his offense a felony of the first-degree under the Ohio Adam Walsh Act, 2007 S.B. 97.

{¶ 9} Buelow pled no contest to the charge, but as a felony of the third degree, and the trial court accepted his plea over the State's objection. The trial court imposed community control sanctions for a period of time not to exceed five years. From the

sentence, the State appeals.

**V.   Under the Doctrine of Stare Decisis, We Reject the State's Argument**

**that We Should Not Follow Our Line of Cases Beginning with**

*State v. Milby*, **2d Dist. Montgomery No. 23798, 2010-Ohio-6344.**

{¶ 10}    The State's sole assignment of error is as follows:

{¶ 11}    "[THE TRIAL COURT ERRED IN FAILING TO HOLD THAT] THE FELONY SENTENCING STATUTE R.C. 2950.99 IS NOT APPLIED RETROACTIVELY WHEN THE CONDUCT FOR WHICH A DEFENDANT IS CONVICTED AND SENTENCED OCCURRED AFTER THE EFFECTIVE DATE OF THE STATUTE[,] OR JANUARY 1, 2008."

{¶ 12}    In *State v. Milby*, supra, we held that under *State v. Bodyke*, supra, not only does it violate the Ohio Constitution to apply the new reporting, notification, and registration requirements set forth in the Ohio Adam Walsh Act to a person classified as a sex offender before the enactment of that act, it also violates the Ohio Constitution to apply the enhanced penalties set forth in the new act to such a person.  *Milby*, 2010-Ohio-6344, ¶ 31.  We have followed that holding in numerous subsequent cases.  E.g., *State v. Johnson*, 2d Dist. Montgomery No. 24029, 2011-Ohio-2069, ¶ 10; *State v. Alexander*, 2d Dist. Montgomery No. 24119, 2011-Ohio-4015, ¶ 38; *State v. Alltop*, 2d Dist. Montgomery No. 24234, 2011-Ohio-5541, ¶ 14; and *State v. Howard*, 2d Dist. Montgomery No. 24680, 2011-Ohio-5693, ¶ 12.

{¶ 13}    The State argues that *State v. Milby*, supra, is incorrectly decided, and that

we should no longer follow it. The State argues that because the penalty for Buelow's offense (his failure to register when he returned to Ohio) was enhanced before he committed that offense, there is no problem with applying the enhanced penalty to him

{¶ 14} The issue is not free from difficulty. Two members of this panel have previously indicated that if this were an issue of first impression, they would not be inclined to reach the same result reached in *State v. Milby*. E.g., Judge Hall's concurring and dissenting opinion in *State v. Howard*, 2011-Ohio-5693, ¶ 18; this author's concurring opinion in *State v. Cook*, 2d Dist. Montgomery App. No. 24611, 2012-Ohio-198, ¶ 16.

{¶ 15} The principle of stare decisis commands that a court should not lightly overrule its own precedential authority. As the Supreme Court said in *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 19, fn. 2:

Although this court was closely divided in [*State* v.] *Bezak* [114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961], that holding has full force and must be followed in accordance with stare decisis. Despite any individual disagreement with precedent, we abide by it in order to foster predictability and continuity, prevent the arbitrary administration of justice, and provide clarity to the citizenry. *Shay v. Shay*, 113 Ohio St.3d 172, 2007-Ohio-1384, 863 N.E.2d 591, ¶ 26–28, citing *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at ¶ 43. That result is always proper, but it is perhaps particularly needed in areas of the law that are in flux. Sentencing law was familiar terrain for decades, but the constitutional ground upon which many decisions had been based has shifted in the past few years in a series of significant decisions. See, e.g., *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; see also *State v. Foster*,

109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 16}    In the case before us, the area of law pertaining to sex offender classifications and reporting, notification, and registration requirements must certainly be conceded to have been in flux, until very recently, if not up to and including the present.  Furthermore, and perhaps even more importantly, the principle of stare decisis, rooted as it is in the values of predictability and stability of the law, also takes on enhanced significance when not just one precedential authority, but a whole line of consistent precedential authority, is of recent vintage.

{¶ 17}    Although, as noted, two members of this panel would have reached a different result from *State v. Milby* if this were an issue of first impression, none of us is persuaded that the *State v. Milby* line of cases should be overruled.  The State's remedy, if the *Milby* line of cases are incorrectly decided, must be found in the Supreme Court of Ohio.

{¶ 18}    The State's sole assignment of error is overruled.


## VI.  Conclusion.

{¶ 19}    The State's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

HALL, J., concurring:

{¶ 20}    I agree with Judge Fain's well-reasoned opinion.

{¶ 21}    I write separately only to indicate that I cannot find where the Adam Walsh Act included the penalty enhancements that were included in 2007 S.B. 97 and that are codified in R.C. 2950.99. I continue to believe the legislature may change the penalty for a

criminal offense as long as it only applies to criminal conduct committed after the effective date.

. . . . . . . . . . . .

DONOVAN, J., concurring:

**{¶ 22}** I do not subscribe to Judge Fain's and Judge Hall's criticism of our holding in *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344, and its application to the present case. Defendant Buelow was previously classified under Megan's Law. His reclassification to conform to the Adam Walsh Act and its requirements was unconstitutional. *State v. Bodyke*, 126 Ohio St.3d 266, 933 N.E.2d 753, 2010-Ohio-2424. As a result, Buelow remains classified pursuant to Megan's Law, and the penalties for his failure to comply with the registration requirements Megan's Law imposes are the penalties Megan's Law prescribed for those classified pursuant to it.

**{¶ 23}** As Judge Grady noted in his separate concurrence in *State v. Williams*, 2d Dist. Montgomery No. 24452, 2012-Ohio-107, the General Assembly may impose more onerous penalties for crimes not yet committed. Nevertheless, per *Bodyke*, Buelow's Megan's Law adjudication, being a final order, governs the penalties available for Buelow's violation of Megan's Law, and the penalties prescribed by the Adam Walsh Act provisions are available only for those properly classified pursuant to that legislation, and Buelow was not.

. . . . . . . . . .

Copies mailed to:

Mathias H. Heck
Johnna Shia
Jennifer S. Getty
Hon. Dennis J. Langer