[Cite as *State v. Jones*, 2012-Ohio-1231.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellant          :     C.A. CASE NO. 24610

vs.                              :     T.C. CASE NO. 11CR319

WILLIAM L. JONES                 :     (Criminal Appeal from
                                       Common Pleas Court)
    Defendant-Appellee           :

. . . . . . . . .

O P I N I O N

Rendered on the 23rd day of March, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros. Attorney, Atty. Reg. No. 0067685, P.O. Box 972, Dayton, OH 45422
    Attorneys for Plaintiff-Appellant

Bahjat M. Abdallah, Atty. Reg. No. 0078504, 15 West Fourth Street, Suite 100, Dayton, OH 45402
    Attorney for Defendant-Appellee

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This appeal is brought by the State pursuant to R.C. 2945.67(A) and 2953.08(B). The State asks us to reconsider our holding in *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344, on which the trial court relied when it imposed a sentence pursuant to R.C. 2750.99 for Defendant's violation of R.C. 2950.06(A), (F) for

failure to verify his residence address. We decline to reconsider *Milby*, and will affirm the judgment of the trial court.

{¶ 2} The facts of the present case relevant to the error the State assigns are essentially the same as those in *Milby* and subsequent decisions in which we followed *Milby*. See: *State v. Johnson*, 2d Dist. Montgomery No. 24029, 2011-Ohio-2069; *State v. Alexander*, 2d Dist. Montgomery No. 24119, 2011-Ohio-4015; *State v. Pritchett*, 2d Dist. Montgomery No. 24183, 2011-Ohio-5978; and, *State v. Alltop*, 2d Dist. Montgomery No. 24324, 2011-Ohio-5541.

{¶ 3} In 1981, Defendant was convicted of attempted rape, a second degree felony. He was subsequently classified by the court in 1997 as a sexual predator, after Ohio's version of Megan's Law became effective. That classification imposed address notification and verification requirements on Defendant for his lifetime.

{¶ 4} In 2008, Ohio adopted a version of the Adam Walsh Act (AWA), which superseded the prior Megan's Law. The AWA adopted different classifications for sexual offenders. It also imposed more stringent registration and notification requirements than were imposed by Megan's Law and increased penalties for their violation.

{¶ 5} Defendant was reclassified by the Attorney General pursuant to the AWA as a Tier III sexual offender. In January of 2011, Defendant failed to verify his residence address in violation of R.C. 2950.06, and was charged with an AWA violation. Defendant pled no contest to the offense. Instead of the mandatory three year term prescribed by R.C. 2950.99 for an AWA violation, based on Defendant's 1981 conviction for a second degree felony, the court sentenced Defendant to community control sanctions for a violation of R.C. 2950.06

under the prior version of R.C. 2950.99 in Megan's Law, which is a third degree felony. The State appeals from that final judgment.

ASSIGNMENT OF ERROR

{¶ 6} "THE FELONY SENTENCING STATUTE R.C. 2950.99 IS NOT APPLIED RETROACTIVELY WHEN THE CONDUCT FOR WHICH A DEFENDANT IS CONVICTED AND SENTENCED OCCURRED AFTER THE EFFECTIVE DATE OF THE STATUTE OR JANUARY 1, 2008."

{¶ 7} The State concedes that, per *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, Defendant's classification under Megan's Law as a sexual predator has been restored, and that as a result he is subject only to those registration and verification requirements that Megan's Law imposes on him. The State argues that, nevertheless, the penalties imposed for an AWA violation by R.C. 2950.99 yet apply, because Defendant's offense occurred after the AWA became effective.

{¶ 8} We addressed and rejected the basis of the state's argument in *Pritchett*, one of the cases that applied and followed *Milby*. *Pritchett* stated at ¶ 26 and 28:

> Very recently, in *State v. Williams,* 129 Ohio St.3d 344, 952 N.E.2d 1108, 2011–Ohio–3374, the Supreme Court of Ohio held that the provision of 2007 Am.Sub. S.B. 10, which imposes greater penalties on sexual offenders, such as Pritchett, for violations of notification and registration requirements than applied when they were convicted of their underlying sexual offense, violates the prohibition against retroactive laws in Section 28, Article II of the Ohio Constitution.

* * *

Under Megan's law (which had been applied to Pritchett in 2005), Pritchett with the 2005 prior failure to notify conviction was subject to sentencing for a felony of the third degree. As a result of a subsequent amendment of the law, Pritchett was instead sentenced for a second degree felony offense. That amendment of the law is void, per *Williams.* The sentence the court imposed pursuant to that law is likewise void. It would be a manifest injustice to continue Pritchett's incarceration on a void sentence.

**{¶ 9}** What we said in *Pritchett* likewise applies in this case.

**{¶ 10}** Finally, we note that the State appealed our decision in *Milby* to the Ohio Supreme Court, and by Entry filed on October 5, 2011, in Case No. 2011-0292, the Supreme Court declined to accept that decision for review.

**{¶ 11}** The trial court properly applied our holding in *Milby*, and correctly sentenced Defendant for a third degree felony offense based upon the penalty for a violation of R.C. 2950.06, failure to verify residence address, in effect under Megan's Law. See: former R.C. 2950.99(A) (1)(a)(i).

**{¶ 12}** The assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Johnna M. Shia, Esq.
Bahjat M. Abdallah, Esq.
Hon. Frances E. McGee