[Cite as *State v. Foster*, 2012-Ohio-1431.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24637 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2011-CR-604 |
| v. | : | |
| | : | |
| JAMES L. FOSTER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of March, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by JOHNNA M. SHIA, Atty. Reg. #0067685, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
          Attorney for Plaintiff-Appellant

ANTHONY R. CICERO, Atty. Reg. #0065408, Cicero Law Office, LLC, 500 East Fifth Street, Suite 100, Dayton, Ohio 45402
          Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1} The State of Ohio appeals from the sentence imposed upon defendant-appellee James L. Foster on his plea of guilty to two counts of Failure to Notify, in

violation of R.C. 2950.05(A)(1) and (F)(1). The State urges us to overrule *State v. Milby*, 2d Dist. Montgomery No. 23978, 2010-Ohio-6344, and a line of subsequent cases, and hold that a person convicted of Failure to Notify should be sentenced under the version of the statute in effect at the time of his commission of the Failure to Notify offense, not under the version of the statute in effect at the time of his classification as a sexually oriented offender.

{¶ 2} We decline the invitation to overrule *Milby*, and affirm.

## I.  Course of Proceedings

{¶ 3} Foster was convicted of two counts of Rape in 1990 in Montgomery County, and was classified as a sexually oriented offender.

{¶ 4} In 2011, Foster was charged by indictment with two counts of Failure to Notify, in violation of R.C. 2950.05(A)(1) and (F)(1). Specifically, he was charged with having failed to provide written notice of a change of his residence, school, institution of higher education, or place of employment, to the Sheriff of Montgomery County within the time limits prescribed by the statute.

{¶ 5} Foster pled guilty to each offense as "a felony of the 5th degree." Over the State's objection, the trial court found Foster guilty, on his plea, to two counts of Failure to Notify as felonies of the fifth degree, although it cautioned him that his plea would stand even if the court of appeals would decide that the State's objection was well-taken.

{¶ 6} Foster was sentenced to community control sanctions for a period of time not to exceed five years. From the sentence, the State appeals.

## II.  We Will Not Overrule the *State v. Milby* Line of Cases

**{¶ 7}**  The State's sole assignment of error is as follows:

**{¶ 8}**  "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT SENTENCED FOSTER TO COMMUNITY CONTROL SANCTIONS BECAUSE THE STATUTE IN EFFECT AT THE TIME HIS OFFENSE WAS COMMITTED REQUIRED HIM TO BE SENTENCED TO A MANDATORY PRISON TERM FOR COMMITTING A FIRST DEGREE FELONY."

**{¶ 9}**  In *State v. Milby*, supra, we held that under *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, not only does it violate the Ohio Constitution to apply the new reporting, notification, and registration requirements set forth in the Ohio Adam Walsh Act to a person classified as a sex offender before the enactment of that act, it also violates the Ohio Constitution to apply the enhanced penalties set forth in the new act to such a person.  *Milby*, 2010-Ohio-6344, ¶ 31.  We have followed that holding in numerous subsequent cases.  E.g., *State v. Johnson*, 2d Dist. Montgomery No. 24029, 2011-Ohio-2069, ¶ 10; *State v. Alexander*, 2d Dist. Montgomery No. 24119, 2011-Ohio-4015, ¶ 38; *State v. Alltop*, 2d Dist. Montgomery No. 24234, 2011-Ohio-5541, ¶ 14; and *State v. Howard*, 2d Dist. Montgomery No. 24680, 2011-Ohio-5693, ¶ 12.

**{¶ 10}**  The State argues that *State v. Milby*, supra, is incorrectly decided, and that we should no longer follow it.  The State argues that because the penalty for Foster's offense was enhanced before he committed that offense, there is no problem with applying the enhanced penalty to him.

**{¶ 11}**  We recently considered this argument in *State v. Buelow*, 2nd Dist.

Montgomery No. 24570, 2012-Ohio-832, where we applied the principle of stare decisis, and rejected the argument. For all of the reasons set forth in *Buelow*, we do so again here.

{¶ 12}    The State's sole assignment of error is overruled.


## III.   Conclusion

{¶ 13}   The State's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.


Copies mailed to:

Mathias H. Heck
Johnna Shia
Anthony R. Cicero
Hon. Barbara P. Gorman