[Cite as *State v. Kimbrough*, 2012-Ohio-1773.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                          :

   Plaintiff-Appellant                            :        C.A. CASE NO. 24746

vs.                                                           :        T.C. CASE NO. 11CR409

ROBERT L. KIMBROUGH                        :        (Criminal Appeal from
                                                Common Pleas Court)

   Defendant-Appellee                            :

. . . . . . . . .

O P I N I O N

Rendered on the 20th day of April, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros. Attorney, Atty. Reg.
No. 0067685, P.O. Box 972, Dayton, OH 45422        Attorneys for Plaintiff-Appellant

Anthony W. Sullivan, 120 West Second Street, Suite 2050, Dayton OH 45402-1504
        Attorney for Defendant-Appellee

. . . . . . . . .

FISCHER, J. (sitting by assignment):

{¶ 1} The state of Ohio appeals from the termination entry ordering defendant-appellee Robert Kimbrough to serve five years of community-control sanctions for failing to notify the sheriff of Montgomery County that he had changed his address as required by R.C. 2950.05(A).

{¶ 2}  In December 2005, Kimbrough was convicted of gross sexual imposition and two counts of rape.   He, therefore, became subject to the notification requirements of Ohio's version of Megan's Law.   *See* former R.C. Chapter 2950.   At the time, former R.C. 2950.05(A) required those required to register under R.C. 2950.04 to notify the sheriff "at least twenty days prior to changing the offender's . . . residence address * * * ."   Former R.C. 2950.05(F)(1) provided: "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section shall fail to notify the appropriate sheriff in accordance with that division."   A violation of former R.C. 2950.05 was a third-degree felony.   Former R.C. 2950.99(A)(1)(a)(i).

{¶ 3}  In 2007, the General Assembly enacted the Ohio version of the federal Adam Walsh Act, P.L. No. 109-248, 120 Stat. 587, codified at Section 16901 et seq., Title 42 U.S. Code.

> The Ohio version included two parts: (1) 2007 Am.Sub.S.B. No. 10, which adopted a three-tiered system of sex offender classification that depended upon the identity of the sex offense of which the offender was convicted, with different, and generally more onerous, reporting, notification, and registration requirements; and (2) 2007 S.B. 97, which changed the penalties attached to conviction for failure to comply with requirements, and, in many situations, enhanced those penalties.   Both parts of the Adam Walsh Act became effective on January 1, 2008.   *State v. Buelow*, 2d Dist. Montgomery No. 24570, 2012-Ohio-832, ¶ 6.

**{¶ 4}** R.C. 2950.05 continues to provide that those offenders required to register under R.C. 2950.04 shall notify the sheriff of any change in residence address "at least twenty days prior to changing the address * * * ." R.C. 2950.05(A). And as before, R.C. 2950.05(F)(1) states that "[n]o person who is required to notify a sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify the appropriate sheriff in accordance with that division." But now, under R.C. 2950.99,

> If the most serious sexually oriented offense * * * that was the basis of the * * * change of address notification * * * is a felony of the first, second, third, or fourth degree if committed by an adult * * * the offender is guilty of a felony of the same degree as the most serious sexually oriented offense * * * that was the basis of the notice of * * * change of address * * * requirement that was violated * * * ." R.C. 2950.99(A)(1)(a)(ii).

**{¶ 5}** Nevertheless, this court has recognized that

> application of the Adam Walsh Act classification scheme and reporting, notification, and registration requirements to someone who committed his or her offense before the enactment of the Adam Walsh Act constitutes a retroactive application of a punitive statute, in violation of the Retroactive Laws prohibition in Article II, Section 28, of the Ohio Constitution. *Buelow* at ¶ 7, citing *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108.

{¶ 6} In *State v. Milby*, 2d Dist. Montgomery No. 23798, 2010-Ohio-6344, this court further held that the enhanced penalties set forth in the current version of R.C. 2950.99 may not be applied to those classified as sex offenders before January 1, 2008, the effective date of the Adam Walsh Act. *Id.* at ¶ 31. Following this precedent, the trial court treated Kimbrough's 2011 failure to notify as a third-degree felony.

{¶ 7} In its single assignment of error, the state argues that the trial court erred in failing to sentence Kimbrough to prison because under the current version of R.C. 2950.99, his failure to notify is a first-degree felony, requiring incarceration in this case. *See* R.C. 2929.13(F)(6) and 2929.14(A)(1). Consequently, the state urges this court to overrule *Milby*. On several recent occasions, however, this court has declined to do just that, citing the principle of stare decisis. *See, e.g.*, *State v. Muldrew*, 2d Dist. Montgomery No. 24721, 2012-Ohio-1573, ¶ 6; *State v. Foster*, 2d Dist. Montgomery No. 24637, 2012-Ohio-1431, ¶ 11; *State v. Jones*, 2d Dist. Montgomery No. 24610, 2012-Ohio-1231, ¶ 1; *Buelow* at ¶ 17.

{¶ 8} Following this precedent, we overrule the state's single assignment of error and affirm the judgment of the trial court.

FROELICH, J., and HALL, J., concur.

(Hon. Patrick F. Fischer, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Johnna M. Shia, Esq.
Anthony W. Sullivan, Esq.
Hon. Timothy N. O'Connell